It is impossible to distinguish in many material matters the errors appearing in this case and in the case of Bookman against the same defendants, decided by this court and reported in137 N.Y. 302. We have looked at the original record on file in the clerk's office in that case. The court there found the fact of injuries resulting to plaintiff's property by reason of the building and maintenance of the road and over and above any benefit resulting from it and peculiar to the premises.
The court had been requested by the defendants' counsel in that case to find that the benefits resulting from the road and peculiar to the premises should be set off, and the court granted the request and so found. And it also found there were no benefits peculiar to such premises.
It refused to find that the easements taken or affected, aside from any consequential damages to the premises from the *Page 322 
taking of such easements, had in themselves only a nominal value. The same request was made in this case and the same refusal followed. In this case another request was granted and the fact found that the only property rights taken were easements of light, air and access in and over the street, while in theBookman case the request was refused.
We cannot, however, see that this one difference in the two records is enough to call for a different result when a perusal shows so many material points in which they are precisely similar. There are many identical and material errors in the two records, and the judgments in both should be the same.
In Sixth Avenue R.R. Co. v. Met. El., etc., Co., lately decided (138 N.Y. 548), we held that where it was apparent the court had adopted the true rule of damages, an error of an abstract nature in the description of the injury sustained would not be ground for a reversal.
The referee in this case, like the court in the Bookman case, has confined his consideration of benefits to those which were peculiar to the premises in question. This we have held is error. (Sutro Case, 137 N.Y. 592.) And the request made to the referee in this case regarding benefits peculiar to the premises should not prevent our consideration of the exception taken to the rule as adopted, any more than did the same kind of a request made by defendants in the Bookman case. It was in neither a request to the referee to adopt that theory as the true one in regard to damages, but it was placed among a number of other requests and so worded as to show that the defendant's claim was that at least and at all events special benefits should be deducted. There was a plain exception to the finding which confined the rule to peculiar benefits.
At any rate there is no distinction which can fairly be taken between the two cases, and the same judgment should prevail in each so far as this court is concerned.
The judgment must, therefore, be reversed and a new trial granted, costs to abide the event.
All concur.
Judgment reversed. *Page 323