MANHATTAN RY. COMPANY v. STUYVESANT et al.

(Supreme Court, Appellate Division, First Department. June 19, 1908.)

1. EMINENT DOMAIN—CONDEMNATION PROCEEDINGS—ORDERS—APPEALABILITY.

Under the condemnation provisions of the Code of Civil Procedure, an appeal lies from an order denying a motion to confirm the report of commissioners awarding damages for property taken and remitting the matter to new commissioners to assess damages.

2. SAME—COMPENSATION—DEDUCTION FOR BENEFITS—INTANGIBLE PROPERTY—EASEMENTS.

Code Civ. Proc. § 3370, General Railway Law, Laws 1850, c. 140, p. 211, and Rapid Transit Act, Laws 1875, § 20, c. 606, p. 745, providing that in fixing the amount of compensation to be paid by the condemnor the commissioners shall not make "any allowance or deduction on account of any real or supposed benefits which the owners may derive from the public use for which the property is to be taken or the construction of any proposed improvement connected with such public use," apply to the tak-

ing of actual tangible property, and not to intangible property. Hence, where easements appurtenant to real property are condemned, benefits may be allowed as a set-off, as, the damages being consequential, the benefits are an element of the right taken.

3. EVIDENCE—VALUE—SIMILARLY SITUATED PROPERTY.

In condemnation proceedings, it is a general rule that a party may not establish the value of his land by showing what was paid for another parcel similarly situated, subject to the exception that where the difficulty of otherwise proving value is very great, and the other property is so similar in kind and character to that to be acquired that the evidence is reasonably satisfactory, it may be admitted.

4. SAME—EASEMENTS.

In proceedings by a railway company to condemn easements appurtenant to real property on the question of the damage to the owner of a particular estate in the property by the loss in value of such estate from deprivation of the easement, evidence of what the company paid to owners of other interests in the property to secure releases of their rights in the easements is inadmissible, where the estates affected are so dissimilar as not to afford a proper basis of comparison.

Appeal from Special Term.

Condemnation proceedings by the Manhattan Railway Company against Augustus V. H. Stuyvesant, William J. Morris and wife, and others. From an order denying a motion to confirm a report of commissioners in favor of Morris and wife, the petitioner appeals. Reversed, and motion to confirm order granted.

Argued before INGRAHAM, McLAUGHLIN, CLARKE, HOUGHTON, and SCOTT, JJ.

Francis S. Williams, for appellant.
John C. Shaw, for respondent Morris.

SCOTT, J. This is a proceeding to condemn so much of the easements of light, air, and access appurtenant to the premises known as Nos. 31 and 33 Third avenue, in the city of New York, as will be taken by the construction and maintenance of a stairway constructing plaintiff's elevated railway station at the intersection of Third avenue and East Ninth street with the surface of said Third avenue. A judgment of condemnation having been entered and commissioners appointed to ascertain the damage, such proceedings were had that said commissioners made and filed a final report awarding damages to the defendants William J. Morris and Catherine G. Morris, his wife; the other defendants having executed releases to the plaintiff. A motion made by plaintiff for a confirmation of the report was denied, and an order made remitting the matter to new commissioners to ascertain the damages to be paid to the defendants. From that order the plaintiff appeals.

The respondent strenuously insists that the order is not appealable. The contrary has been distinctly held. Man. Ry. Co. v. O'Sullivan, 6 App. Div. 571, 40 N. Y. Supp. 326, affirmed on opinion below 150 N. Y. 569, 44 N. E. 1125.; Erie R. R. Co. v. Steward, 59 App. Div. 1891, 69 N. Y. Supp. 187. The question of appealability decided in the Willis Avenue Bridge Case, 111 App. Div. 285, 97 N. Y. Supp. 503, Id., 185 N. Y. 391, 78 N. E. 146, arose under the street opening

provisions of the New York City Charter, and not under the condemnation provisions of the Code of Civil Procedure.

Two reasons are assigned by the respondent why the order refusing to confirm the report is right, and should be affirmed. It is said that the commissioners arrived at their award by off-setting benefits against damages, and this is said to have been erroneous. This contention is based upon the fact that evidence was admitted tending to show that the erection and maintenance of the stairway would be of benefit to the abutting property. Section 3370, Code Civ. Proc., provides that in fixing the amount of compensation to be paid by the condemnor the commissioners shall not make "any allowance or deduction on account of any real or supposed benefits which the owners may derive from the public use for which the property is to be taken, or the construction of any proposed improvement connected with such public use," and both the general railway law (chapter 140, p. 211, Laws 1850) and the rapid transit act (section 20, c. 606, p. 745, Laws 1875) contain similar provisions. Where actual, tangible property is taken, these rules are applicable, and the award for the property taken cannot be decreased by off-setting the supposed enhancement of value to other property not taken. Matter of the Mayor, etc., 190 N. Y. 350, 83 N. E. 299. What is sought to be condemned in the present case, however, is not actual, tangible real estate, but easements appurtenant to the defendant's real property, and the damages to be awarded to the owner of the real property are in the nature of consequential damages. The award to the owner of the real property thus affected, but not taken, is measured, not by the supposed value of the easement in the street separate from the abutting property, but by the damages which the abutting property sustains as a result or consequence of the loss of the easement. As was said in Newman v. Met. El. Ry. Co., 118 N. Y. 618, 23 N. E. 901, 7 L. R. A. 289:

"The special and peculiar advantages which property receives from the construction and operation of the road and the location of stations are elements which enter largely into the inquiry whether there is injury or not, and the jury must consider them, and give them due weight in their verdict. Between the rule and the statutory provisions quoted there is no conflict."

To the same effect are South Buffalo Railway Co. v. Kirkover, 176 N. Y. 301, 68 N. E. 366, and Bohm v. Met. El. Ry. Co., 129 N. Y. 576, 29 N. E. 802, 14 L. R. A. 344. In the latter case it is pointed out that where the question involved is the deprivation of easements it is not really a matter of setting off benefits against damage, but that that proof of benefit bears directly upon the question of damage. And in the very latest authority upon the subject (Matter of the Mayor, etc., 190 N. Y. 360, 83 N. E. 350), the propriety of considering benefits where the only question is the extinguishment of easements is distinctly recognized. The commissioners made no error, therefore, in admitting proof of possible benefit to the abutting property.

It is also assigned as error that the commissioners excluded proof of what the plaintiff has paid to other persons owning interests in the abutting property in consideration of their releases of the easements in so far as their interests were affected by their extinguishment. The general rule is well established that a party may not es-

tablish the value of his own land by showing what was paid for another parcel similarly situated. Huntington v. Attrill, 118 N. Y. 365, 23 N. E. 544; Matter of Thompson, 127 N. Y. 463, 28 N. E. 389, 14 L. R. A. 52; Jamieson v. Kings County El. Ry., 147 N. Y. 322, 41 N. E. 693; Whitmark v. N Y El. R. R. Co., 149 N. Y 393, 44 N. E. 78; Eno v. N. Y. El. R. R. Co., 158 N. Y. 730, 53 N. E. 1125. An exception to this rule has been admitted where the difficulty of otherwise proving value is very great, and the other property is so similar in kind and character to that to be acquired that the evidence is reasonably satisfactory. Langdon v. Mayor, 133 N. Y. 628, 31 N E. 98. Here the property to be acquired by the plaintiff from the defendant is similar in character to that released to it by the other defendants, but the question before the commissioners was not as to the abstract value of the easement independent of the estate to which it is appurtenant, but the loss in the value of that estate by the deprivation of the easement. In order that evidence of the amount paid to other persons for the extinguishment of the easement should be relevant and competent as to the amount of injury to be suffered by defendant, it would be necessary that it should appear, not only that the easement to be extinguished was the same, but that the estates to be affected were so similar as to afford a basis of comparison. This does not appear in the present case. The buildings affected are known as Nos. 31 and 33 Third avenue. The defendant Morris owns No. 31 in fee, and holds a ground lease of No. 33, subject to renewals at the option of the landlord. He also owns the building on No. 33. The defendant Stuyvesant owns the fee of No. 33, subject to the lease to defendant Morris. The defendant Gaffney holds a lease of No. 31 expiring in 1900, and the defendant Brown is a sublessee under defendant of No. 33. We consider that the extent and quality of these various estates in the abutting property differ so radically from the extent and quality of defendant's estates therein that the evidence offered would have been of no value in determining the question of value which the commissioners were called upon to determine. It might not have been reversible error to have received the evidence, but it certainly was not such error to reject it. Matter of Thompson, supra We find no legal error in the proceedings of the commissioners and no apparent inadequacy in the amount of their award.

The order appealed from will therefore be reversed, with $10 costs and disbursements, and the motion to confirm the final order granted. All concur.