referred back to the commissioners with direction to receive such evidence and consider and determine such claim, or to explicitly report that they have already considered and determined the same, and included it in the award already made by them for and upon parcels Nos. 1 and 3.

[5]  Fifth. It is claimed in behalf of the city that as to parcels Nos. 8, 14, 17, 29, 38, 40, and 54, being sections of public streets, the commissioners erred in making no awards whatever to the owners of private interests therein; but that they should have made to them at least nominal awards.  No doubt technically this contention is correct, and as to those parcels the matter will be sent back to the commissioners, with directions to reconsider them and to make thereon at least nominal awards.

---

### NEW YORK, W. & B. RY. CO. v. SIEBRECHT et al.

(Supreme Court, Special Term, Westchester County.   July, 1911.)

1. EMINENT DOMAIN (§ 236*)—DAMAGES—ASSESSMENT BY COMMISSIONERS—RECOMMITTAL OF REPORT.

   The court has power to recommit to the commissioners of appraisal with instructions to state the grounds of their decisions a report made in general form as to damages in proceedings.

   [Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. § 602; Dec. Dig. § 236.*]

2. EMINENT DOMAIN (§ 236*)—ASSESSMENT BY COMMISSIONERS—RECOMMITTAL.

   The recommittal of the report of commissioners of appraisal as to the damages caused by the taking of land by condemnation, resting in the sound discretion of the court, and being favored when there is reasonable cause to believe that the commissioners may have erred in the legal rule of damages adopted by them, a report, general in its terms, will be recommitted where it appeared from a statement by commissioners that an erroneous rule might have been followed in assessing the consequential damages.

   [Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. § 602; Dec. Dig. § 236.*]

3. EMINENT DOMAIN (§§ 236, 237*)—ASSESSMENT BY COMMISSIONERS—RECOMMITTAL—EVIDENCE.

   A statement of commissioners of appraisal showing the adoption of an erroneous rule in assessing damages in condemnation proceedings may be properly considered on a motion to recommit the report, but not upon the question of confirming it.

   [Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. §§ 602–613; Dec. Dig. §§ 236, 237.*]

4. EMINENT DOMAIN (§ 146*)—COMPENSATION—SETTING OFF BENEFITS AGAINST DAMAGES.

   General benefits to land not taken cannot be offset against the value of land actually taken.

   [Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. §§ 390–393; Dec. Dig. § 146.*]

5. EMINENT DOMAIN (§ 138*)—COMPENSATION—SET-OFF OF BENEFITS—"CONSEQUENTIAL DAMAGES."

   The condemnation law (Code Civ. Proc. §§ 3357–3384) in case of a taking of part of a parcel requires compensation, not only for the land ac-

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

tually taken, but for consequential damages to the remainder, which damages include diminution of value by the taking alone and diminution of value because of the use of land taken.

[Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. § 370; Dec. Dig. § 138.*]

6. EMINENT DOMAIN (§ 146*)—COMPENSATION—GENERAL BENEFITS.

General benefits to the remainder of a parcel of land, part of which was taken by condemnation, will be offset against consequential damages, caused by the use of the condemned land.

[Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. §§ 390–393; Dec. Dig. § 146.*]

7. EMINENT DOMAIN (§ 237*)—ASSESSMENT BY COMMISSIONERS—REPORT.

Where the original report of commissioners of appraisal failed to deduct benefits, and, on recommittal, such benefits were assessed but not deducted from the damages, the original and supplemental reports can be taken as one report, the court making the deduction, without depriving either party of the right to have the damages determined by a jury or commissioners, and hence does not violate the rule that the court cannot reduce the award of the commissioners.

[Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. §§ 604–613; Dec. Dig. § 237.*]

8. EMINENT DOMAIN (§ 237*)—ASSESSMENT BY COMMISSIONERS—SETTING ASIDE AWARD.

The commissioners' award of damages in condemnation will not be set aside as excessive, unless it is so large as to shock the conscience of the court.

[Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. §§ 604–613; Dec. Dig. § 237.*]

9. EMINENT DOMAIN (§ 202*)—ASSESSMENT BY COMMISSIONERS—ESTIMATE OF LAND.

In estimating the damages in condemnation, it was not an error in the legal rule for the computation of damages for the commissioners to receive testimony of the value of land per square foot, it being a question of fact whether that is the proper way of determining the value of the land.

[Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. § 541; Dec. Dig. § 202.*]

10. EMINENT DOMAIN (§ 202*)—ASSESSMENT BY COMMISSIONERS—ESTIMATE OF LAND.

In assessing damages in condemnation proceedings where the land taken was part of one irregular tract, the commissioners properly received testimony as to the value of the land per square foot.

[Ed. Note.—For other cases, see Eminent Domain, Dec. Dig. § 202.*]

11. EMINENT DOMAIN (§ 238*)—ASSESSMENT BY COMMISSIONERS—WEIGHT OF TESTIMONY.

The question of the weight of the testimony of witnesses testifying as to the value of land taken under eminent domain proceedings is one for the commissioners assessing the damages.

[Ed. Note.—For other cases, see Eminent Domain, Dec. Dig. § 238.*]

Application by the New York, Westchester & Boston Railway Company to acquire title to lands of Henry A. Siebrecht and others. On motion to confirm the amended report of the commissioners. Motion granted.

Michael J. Tierney, for the motion.
J. Addison Young, opposed.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

MILLS, J.   This is a proceeding taken by the plaintiff, under the general condemnation law (Code Civ. Proc. §§ 3357–3384), to acquire land owned by the defendant Emma S. Siebrecht, in the city of New Rochelle, required for a section of the roadbed of the plaintiff's contemplated railroad, which is now being constructed.

The commissioners of appraisal, who had been duly appointed herein, made and filed their report in December, 1910, in which they awarded, as compensation to the owners of such land, the sum of $90,154.   The report, as to the award, was entirely general in terms. The owner duly noticed and brought on for hearing at Special Term held by me in February last a motion to confirm the report.   At the same time the plaintiff, upon affidavits, moved that the report be sent back to the commissioners for specification of the grounds or elements of their award.

[1–3] After careful consideration, I granted the latter motion, filing a memorandum of decision in the following words:

"The power of the court to remit to commissioners in such a proceeding their report, having been made in general form, with instructions to state the grounds of their decision in certain specified respects, is undoubted, and not questioned here by counsel for the defendant.  In Matter of P. P. & C. I. R. Co., 85 N. Y. 489, 495.   The matter rests in the discretion of the court: and, whatever the rule or practice in the other judicial departments may be, it seems clear that the Appellate Division in this department favors the exercise of such power where it appears that there is reasonable ground to apprehend that the commissioners may have erred in the legal rule of damages adopted by them.   Matter, etc., of Board of Water Commissioners of the Village of White Plains (Second Dept.) 55 App. Div. 77 [66 N. Y. Supp. 1005]; Matter of Board of Public Improvements (Second Dept.) 99 App. Div. 576, 581 [91 N. Y. Supp. 161].   In the latter case that Appellate Division, apparently without any motion to such effect having been made at Special Term, remitted the matter to the commissioners to further report practically in what sense they had used the term 'consequential damages'; i. e. what elements they had considered in determining those.   In the case here at bar the award seems large, although I am by no means as yet convinced that it was excessive considering the very great power possessed by such commissioners in determining the amount, and the statement made by the chairman of the commission to one of the representatives of the plaintiff indicates the possibility that a wrong rule was adopted by the commissioners in determining the consequential damages to the part of defendant's lands not taken, or at least that there may be a serious question as to the correctness of such rule (which statement may properly be considered upon this motion, although it should not be considered upon the question of confirming the report), and the report itself is in that respect perfectly general and indefinite. Therefore it seems to me that within the practice approved by our Appellate Division this is a proper case for the court here to grant a motion to remit, at least to the following stated extent.   Such motion is therefore granted, so far as to require the commissioners to reconvene and make a supplemental report stating (1) how much of their award was for consequential damages to the part of defendant's land not actually taken; and (2) whether, in estimating and fixing the amount allowed by them for such consequential damages, if any, included in the award already made, they deducted from the gross consequential damages any amount for any benefits, general or special, accruing to such land, not actually taken, by reason of the construction and operation of the railroad; and, if they made no such deduction, whether or not they decided that there were any such benefits so accruing.   Otherwise the motion to remit is denied.   Defendant's motion to confirm the report is reserved until the coming in of such supplemental report."

An order· was duly made and entered in accordance with such decision, and in March following the commissioners made and filed a supplemental report, in which they reported and stated that of the award of $90,154 made in their original report the sum of $60,751 was "for consequential damages to the part of the defendant's land not actually taken." The matter was thereafter brought before the Special Term, and the plaintiff moved that it be again remitted to the commissioners for certain further specification.

[4–6] Such motion was granted, and a memorandum of decision thereon filed·in the following terms, viz.: '

"The supplemental report of the commissioners presents here for determination the question whether or not the commissioners should offset against the consequential damages the general benefits in enhancement of market value derived by the part of the land not taken from the construction and operation of the railway—that is, from the application of the land taken to the use for which it is to be taken. It is manifest that the commissioners thus far have acted upon the theory that such question must be answered in the negative, and for that reason have failed to consider or determine whether or not there is any such general benefit.

"From a careful examination of the very able and complete briefs submitted by the learned counsel, which appear to me to present very fully authorities in this state bearing upon the question, the following conclusions seem warranted and necessary:

"First. In no event can such general benefit be offset against.the value of the part of the land, which part is actually taken or to be taken. Matter of City of New York, 190 N. Y. 350 [83 N. E. 299, 16 L. R. A. (N. S.) 335].

"Second. In case of the taking of a part of a parcel, the compensation required by the condemnation law includes not merely the value of the part taken, but also all the damages to the remainder of the part consequential to it from the taking of the part taken.

"Third. Such consequential damages include or may include two elements, viz: (1) Diminution in value of the part not taken, caused by the severance from it of the part taken, regardless of the use to be made of the latter; and (2) diminution in value of the part not taken, from the use to be made by the plaintiff of the part taken; e. g., from the 'operation thereon of a railroad, with its smoke, noise, dust and cinders, and the embankment obstructions to the view.' South Buffalo Ry. Co. v. Kirkover, 176 N. Y. 301, 307 [68 N. E. 366]; Genesee River R. R. Co. v. Boyington et al., 60 Misc. Rep. 416, 112 N. Y. Supp. 343, affirmed 132 App. Div. 947, 117 N. Y. Supp. 1135. Matter of Rapid Transit Railroad Commissioners of the City of New York, etc., (Second Dept.) 128 App. Div. 103, 118, 122, 123, 112 N. Y. Supp. 619; Id., 197 N. Y. 81, 100, 113, 90 N. E. 456.

"Fourth. Consequential damages of the latter class or kind seem to be in substance identical with the damages allowed in the series of elevated railroad cases; and it seems to be well established in this state that against such damages the increase in value of the part not taken from such general benefits must be allowed and offset. Saxton v. N. Y.. E. R. R. Co., 139 N. Y. 320, 322, 34 N. E. 728; Sutro v. Manhattan Ry. Co., 137 N. Y. 592, 33 N. E. 334; Bohn v. M. E. R. Co., 129 N. Y. 576, 594, 29 N. E. 802, 14 L. R. A. 344. I do not think that anything in the opinion of the Court of Appeals in Matter of City of New York, 190 N. Y. 350, 355, 360, 83 N. E. 299, 16 L. R. A. [N. S.] 335, should be regarded as expressing any doubt as to the propriety of offsetting benefits against consequential damages. The question involved and passed upon in that case was that solely of offsetting benefits against the value of the land actually taken. On the contrary, the doctrine to that effect of the elevated railroad cases appears in such opinion, at page 360 [of 190 N. Y. at page 303 of 83 N. E. (16 L. R. A. [N. S.] 335)], to be cited with approval.

"Fifth. My attention is called to no decision in this state holding expressly that such general benefit may be offset against consequential damages of

the first class. The expressions used in the cases cited seem to be general and based upon the elevated railroad cases, and in those plainly the consequential damages were of the latter class above specified. It has been distinctly held that the offsetting of benefits, general or special, or rather the enhancement of value resulting therefrom, against consequential damages, is not a violation of the provision of the condemnation law, quoted and insisted upon by the counsel for the defendant, that 'they (meaning the commissioners) shall not make any allowance or deduction on account of any real or supposed benefits which the owners may derive from the public use for which the property is to be taken, or the construction of any proposed improvement connected with such public use.' Newman v. M. E. Ry. Co., 118 N. Y. 618, 23 N. E. 901, 7 L. R. A. 289; Bohn v. M. E. R. Co., 129 N. Y. 576, 591, 29 N. E. 802, 14 L. R. A. 344. My conclusion, therefore, is that the matter must be remitted to the commissioners (1) to consider and determine whether the part of the premises not taken has in the enhancement of its market value received any benefit from the certainty or assurance of the construction or operation of the plaintiff's proposed railroad, and, if so, to determine and state the amount of such general benefit; (2) to determine what part of the amount stated by the commissioners in their previous supplemental report to have been awarded by them for the consequential damages is for such damages due solely to the severance from the entire parcel of the part thereof taken or to be taken by the plaintiff, and what part of said amount is for damages caused or to be caused to said remainder from the construction and operation of the proposed railroad; and (3) to make and file a further supplementary report accordingly. The amount awarded by the commissioners for consequential damages seems very large, and it is recommended to the commissioners that they exercise great care in considering and determining the questions hereby resubmitted to them."

Pursuant to the order shortly thereafter made and entered upon such decision, the commissioners reconvened, reconsidered the matter, and in June last made and filed their second supplemental report, as follows:

"(1) We find that the part of the premises belonging to defendants, not actually taken by the petitioner herein, has in the enhancement of its market value received a benefit from the certainty or assurance of the construction or operation of plaintiff's proposed railroad of the value of $26,614.

"(2) In answer to the second inquiry contained in said order your commissioners respectfully report that no fixed amounts were apportioned by them for severance and operation, respectively, in making up their award of consequential damages, although both elements were taken into consideration by them. Under direction of the court, however, your commissioners have now apportioned said consequential damages awarded by them as follows: For severance, the sum of $28,517; for construction and operation, the sum of $32,234."

The matter has now again been brought before the Special Term, and the owner moves that the three several reports be regarded as one and as awarding the sum of $63,540 as compensation to the owners of the land taken, and that the same, so regarded and construed, be confirmed. The plaintiff, on the other hand, moves that the report be set aside and the proceeding referred to new commissioners for the following reasons:

"(1) The commissioners made the award upon an improper and illegal basis, as now fully appears, and it is consequently the duty of the court to set aside the report absolutely.

"(2) The award is grossly excessive even when the amount of the benefits is deducted, and should be set aside for this reason."

It now remains for the court to decide these objections or contentions on the part of the plaintiff.

130 N.Y.S.—64

[7] The point of the first objection is the claim that the two supplemental reports are effective merely to demonstrate that the original report and the award of $90,154 thereby made were made upon a wrong legal rule or basis, in that the commissioners in making it failed to consider and determine whether the part of the tract not taken was benefited by the use to be made by the plaintiff of the part taken, or by the certainty or assurance of such use, while it appeared that such benefit really existed to a large amount and should, as matter of law, have been deducted from the amount included in the award for consequential damages, and the further claim that such supplemental reports cannot be now regarded as, with the original reports, constituting the report in the matter. It does not seem to me that this claim is well made. The three reports should now be taken together as constituting the report of the commissioners. So regarded, that report should be construed and read as making an award of $63,540, and as stating the details of such award as follows, viz.:

Value of land actually taken.................................... $29,403
Consequential damages to the part of the tract not taken, caused by
　the severance from it of the part taken........................ 28,517
Consequential damages to the part not taken from the con-
　struction and operation of the railroad.................. $32,234
Benefit to the part not taken from the operation of the rail-
　road ................................................. 26,614
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　────────
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　$ 5,620　　5,620
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　────────
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　$63,540

It is true that the report, treating it as amended by the two supplemental reports, fails to actually make the subtraction thus made, and therefore fails to state the final amount of the. award; but it does find and state specifically each one of the elements above stated, and the subtraction and addition is a mere matter of mathematical computation, which it seems to me the court may consider as made in the report.

This view of the matter does not tend to deprive either party of the constitutional right to have the damages or compensation determined by a jury or by three commissioners. In no respect does the court in taking this view substitute its judgment for that of the commissioners as to any element of compensation or damage. The judgment of the commissioners has been had as to each and every element, and each party has the benefit of such judgment to the fullest extent. This view of the matter, therefore, does not appear to me to violate the rule invoked by the learned counsel for the plaintiff in his brief that the court cannot modify the report of such commission by reducing the amount of the award, even if it deems such amount excessive beyond the amount to which it is attempted to be reduced by the court. No one of the three cases cited by such counsel in support of his contention in this regard appears to me to prohibit the view above suggested. These cases are In Matter of Central N. Y. T. & T. Co., 36 App. Div. 553, 55 N. Y. Supp. 729, In Matter of Town of Guilford, 85 App. Div. 207, 83 N. Y. Supp. 312, and Johns v. Village

of Salamanca, 129 App. Div. 717, 114 N. Y. Supp. 707.  In the case first cited the court at Special Term had undertaken by its order to reduce the award to a certain specified sum, on the ground that the award, as made in the report, was excessive.  There the court manifestly attempted to substitute its judgment as to the amount of the damages or compensation in place of the judgment of the commissioners.  Obviously that case was not at all similar to the case here at bar.

In the Town of Guilford Case the court at Special Term made an order setting aside the report unless the property owner would stipulate to reduce the award to a certain named sum.  Such stipulation was not made, and upon the appeal the order stood as one setting aside the report on the ground that the award was excessive.  The Appellate Division reviewed the order upon that theory of its import, and held that it was unwarranted and confirmed the report of the commissioners.  In reciting the history of the case the latter court in its opinion stated that the Special Term had no power to modify the award, and in that way intimated that it could not make such alternative order.  In the view above suggested in the case here at bar there is no attempt to take any such course.  In that case, if the stipulation had been made then as in the case first cited, the court would as against the plaintiff have substituted its judgment for the judgment of the commissioners as to the amount of the award.  In the other case cited, viz., Johns v. Village of Salamanca, the commissioners in a change of grade proceeding in their report made two separate awards, one of a certain amount for damages to the fee, and the other of a certain amount for rental damages.  The court at Special Term held that the latter award was unwarranted, and confirmed the report as to the former and set it aside as to the latter award.  The Appellate Division upon appeal reversed the order and remitted the matter to the Special Term for the appointment of new commissioners. Of the five justices sitting one justice voted to affirm the order of the Special Term.  Another justice voted to affirm the part of the order which confirmed the award of fee damages, to reverse the other part, and to confirm the report of the commissioners entire.  Three justices voted to remit the matter to the Special Term for the appointment of new commissioners and rehearing before them—of the three, two so decided upon the ground merely that the amount of the award for rental damages was excessive, the other of the three held that no rental damages should be allowed, but that the Special Term had no power to confirm the report in part and disaffirm it in part.  The latter justice was the only one of the five who appears in any way to have taken the position that it was not competent for the Special Term to confirm the one award and set aside the other.  His holding to that effect stands in the case as a mere dictum, and not as a decision of the court.  It does not appear to me to be sustained by sound reasoning, and therefore I decline to follow it.  It is not easy to see how an award in such a report, of damages which comprise every lawful element of damage, can be invalidated by the fact that the commissioners insert in the same report another and entirely separate

award for an improper and unlawful element of damage. It would seem that the latter might well be disregarded by the court and formally disaffirmed.

In Matter of Grade Crossing Commissioners of the City of Buffalo, etc., 52 App. Div. 27, 64 N. Y. Supp. 769, affirmed upon the opinion below, 165 N. Y. 605, 58 N. E. 1088, the Appellate Division in the Fourth Department held that it was competent for commissioners to make their award in separate parts; that is, so much for "damages to fee" and so much for "past damages." It is true that in the report in that case the two items or awards upon each parcel of property were added together; but it does not seem that such a thing, being a matter of mere mathematical computation, can be vital to the validity of the report. The real question raised, discussed, and decided in that case was the competency of the second award—i.e., "for past damages"—and, of course, the implication throughout the case was that the report could have been sustained for the award for "damages to fee" alone had it been decided that it was illegal for the commissioners to allow "past damages."

As to the second objection made by the plaintiff as above stated, viz., that, treating the reports together as finally making an award of $63,-540, such award should be deemed to be excessive and the report set aside upon that ground, I do not think that the record presents a situation warranting the court in taking that action.

[8] It has come to be an elementary proposition that the court cannot set aside the award of commissioners as excessive unless the amount of the award is so plainly overlarge as to practically shock the conscience of the court. Where, as here, the amount of the award is well within the estimates given by the expert witnesses upon the one side, although it may be far less than the estimates of the witnesses upon the other side, it must be a very extraordinary case or situation which will warrant the court in holding the award to be so excessive that the report should be set aside. I do not perceive that this is such a case or situation.

[9, 10] It is claimed by the plaintiff's counsel that the commissioners erred in receiving from the expert witnesses called by the owner testimony of the value of the land per square foot, and that such error amounts to a wrong legal basis of award, and so, within the well-known rule, warrants the setting aside of the report upon that ground. Such does not appear to me in any aspect to have been an error of law, but, at most, an error of fact. Here, upon the record, it cannot be held even to have been the latter kind of an error. It was a question of fact for the commissioners to determine whether or not that basis of estimate was proper. The tract from which the land was taken was irregular in shape, and it is self-evident that it was not practicable, or at least was very difficult, to value it upon the ordinary basis of city or village lots; that is, by the street foot frontage. It does not seem therefore that the system of estimating its value by the square foot was mistaken.

[11] No doubt, as contended by the learned counsel for plaintiff in his brief, the cross-examination of at least two of the expert wit-

nesses for the owner was calculated to materially discredit them with the commissioners, in that it tended to show that the witness had within a comparatively recent time estimated or participated in estimating the land or the damage resulting from its taking at a much less sum than he estimated the same as a witness herein. This, however, presented merely a question for the commissioners as to the weight to be given to such testimony. The amount of the award is far less than the amount of damage estimated and given by either of those witnesses in his testimony.

No doubt the award made, as the reports have herein been construed, is large, and very likely considerably larger than the court itself would make upon the record here before it if it were competent for it to exercise its own judgment upon the matter; but it does not appear that such award is excessive to the degree that within the well-settled rule the court can, upon that ground, refuse to confirm it.

The motion of the defendant owner to confirm the report as amended as an award of $63,540 therefore must be granted.