In the Matter of the Application of BRONX PARKWAY COMMISSION, Appellant, to Acquire Title to Lands of GUARANTY TRUST COMPANY OF NEW YORK, as Executor of the Last Will and Testament of KATHERINE C. FERRIS, Deceased, and Another, Respondents, Impleaded with THE COUNTY TRUST COMPANY and Others, Defendants.

Second Department, November 9, 1923.

**Condemnation — not error for commissioners to receive testimony of landowner's experts although damage testified to may be greatly exaggerated — commissioners did not accept exaggerated claims of owner in this case — reception of evidence as to possible development of land not error — not error for commissioners to visit manufacturing plant in vicinity of property though counsel for parties were not admitted to plant — award not excessive.**

It is not error for commissioners appointed in condemnation proceedings to receive in evidence the testimony of experts for the landowner although they testify to damages that are greatly exaggerated.·

If the award of the commissioners indicates that they accepted exaggerated claims for damages or exaggerated ideas as to the availability of the property or its potential value, their award should not be sustained, but the commissioners in this case did not so act and were not misled by the exaggerated estimates made by the witnesses for the owner.

It appears that the land in question is situated in the city of White Plains near the railroad station and extends on both sides of the Bronx river, with railroad frontage, and that after the taking of the land in question the remainder of the tract had no access to any highway. In view of the location of the land it was not error for the commissioners to receive evidence to show the possible, reasonable development of the land for manufacturing plants and otherwise so long as said development was not fanciful but was feasible.

It was not error for the commissioners to visit a manufacturing plant in the vicinity of the land in question for the purpose of determining the usability of the waters of the Bronx river for manufacturing purposes, although no formal stipulation was made with respect to the visit and although the counsel for the parties were not permitted to enter said manufacturing plant with the commissioners.

The award made, which was approximately three times the amount of damages estimated by the witnesses for the petitioner and approximately one-third of that estimated by the witnesses for the owner, was not excessive.

APPEAL by the plaintiff, Bronx Parkway Commission, from an order of the Supreme Court, made at the Orange Special Term and entered in the office of the clerk of the county of Westchester on the 12th day of April, 1923, confirming the report of the commissioners of appraisal appointed in this proceeding, as amended by an order entered in said clerk's office on the 18th day of May, 1923, with notice of intention to bring up for review an order entered in said clerk's office on the 9th day of April, 1923, denying the plaintiff's motion to remit the report to the commissioners.

*William O. Gantz* [*Theodosius Stevens* with him on the brief], for the appellant.

*Thomas Garrett, Jr.* [*Theodore W. Morris, Jr.,* and *Walter W. Westall* with him on the brief], for the respondent Guaranty Trust Company of New York.

*Frederick B. Van Kleeck, Jr.,* for the respondent Beulah Cliff Rest.

KELLY, P. J.:

We affirm the final order in this proceeding upon the opinion of the learned justice at Special Term. [See *post,* p. 528.] We desire to state in addition to his conclusions there stated, that there is no dispute as to the principles laid down in *Matter of Bronx Parkway Commission* [*Kraft*] (191 App. Div. 212) and *Matter of City of New York* (171 id. 834), so earnestly pressed upon us by counsel. In proceedings to take private property for the public use the owner may have exaggerated ideas as to the value of his property. That is not unusual. Parties claiming damages in all kinds of litigation may assert exaggerated claims. There is no way of preventing them from asserting their claims that I know of. The appellant here practically asserts that the commissioners erred in receiving the evidence of the property owner's experts. I doubt the power of courts or commissioners to refuse to hear them and their witnesses, nor do I agree that the mere fact that the commissioners listened to these exaggerated claims was error. If the award of the commissioners indicated that they had accepted the exaggerated ideas as to the availability of the property or its potential value, as was the case in the proceedings cited by appellant, it would be our duty to reverse the order. But no such case is here presented. The commissioners in this proceeding were not misled; they did not accept the estimates of the property owner and his expert witnesses. If we accept the estimate of appellant's witnesses

as to the value of the property before the taking, there is nothing startling or extravagant in the award made.   The incident of the visit of the commissioners to a manufacturing plant in the vicinity of the property taken presents nothing unusual.   The visit was made with the full knowledge of counsel, who accompanied the commissioners to the plant.   That the superintendent refused to admit counsel for either party to his factory was no reason why the commissioners should not view it.   On the whole case I think the award should stand.

The final order confirming report of commissioners, and the order denying petitioner's motion to remit report to commissioners should be affirmed upon opinion of SEEGER, J., at Special Term, with costs.

RICH, JAYCOX, MANNING and KELBY, JJ., concur.

Final order confirming report of commissioners, and the order denying petitioner's motion to remit report to commissioners, unanimously affirmed upon opinion of SEEGER, J., at Special Term, with costs.

The following is the opinion of SEEGER, J.:

SEEGER, J.:

This is a motion by defendant, the executor of Katherine C. Ferris, to confirm an award made by commissioners in condemnation proceedings to said executor for land taken by the plaintiff in said proceedings.

The property taken is situated at White Plains near the railroad station, on the westerly side of the railroad, extending on both sides of the Bronx river with railroad frontage, and is part of a tract of about six and one-half acres of land.   After the taking there will be left 174,212 square feet of land without access to any highway, being separated therefrom by the land of the petitioner on one side, and by the railroad on the other.   The land not taken would be very valuable if it had not been deprived of its access to a highway.

The condemner contends that the award is grossly excessive and palpably unfair and unjust to the condemner, and that erroneous theories were adopted by the commissioners in arriving at their award.

The amount awarded by the commissioners for the land taken and for the damages to the defendant's remaining land by reason of the taking, or in other words the difference between the value of the defendant's land before and after the taking, was $167,642.60. The commissioners estimated the value of the land before the taking at the sum of $176,353.20, and after the taking at the sum of

$8,710.60. Expert witnesses for the defendant testified that the land before the taking was most suitable for sites for factories where condensation or cooling is necessary, or yards for the handling, storing and delivering of heavy freight in carload lots, such as coal, lumber, cement, sand, gravel, coarse stone, feed, grain, and any freight requiring trackage on railroad spurs for car storage, etc. These experts testified to the existence of an active demand for such sites in Westchester county and that the value of the property before the taking was over $480,000, and after the taking only about from $10,000 to $11,000.

Experts for the condemner estimated the value of the lands at from $50,000 to $110,000, before the taking, and at from $8,700 to $40,000 after the taking.

It will be seen, therefore, that while the award is from two to three times as much as the damage estimate of the condemner's witnesses, it is little more than one-third of the damage estimates of the defendant's witnesses. It is apparent that the commissioners arrived at the conclusion that one set of witnesses had overestimated the defendant's damages as much as the other set had underestimated it, and that they were not misled by the witnesses of either the plaintiff or the defendant, but exercised their own judgment in making their award. It is quite apparent that the property is very valuable, being located in the very heart of the rapidly growing city of White Plains, with the advantage of railroad facilities and the use of the waters of the Bronx river as well as subterranean waters, and deposits of sand, which had some value either for marketable purposes or at least for the purposes of building upon the premises, and with the further advantage of being located within easy reach of the city of New York by highway, affording facilities for transportation by motor trucks as well as by railroad. Under the circumstances it is not apparent that the award is excessive, and that it should be set aside for that reason.

The condemner bases his contention that erroneous theories were adopted by the commissioners in arriving at their award upon the fact that the commissioners allowed the defendant to introduce the testimony of experts to demonstrate the manner in which the property might be developed for the uses for which the defendant claims it was available.

It is true that the courts of this and other States have held that " The estimation of the fitness of such vacant land for building improvement, or for a commercial use, must be made real by a market value so used, to be reasonably expected in the near future,

not speculative schemes of some one who proposes a new and previously untried venture." (*Matter of Bronx Parkway Commission* [*Kraft*], 191 App. Div. 212, 217.)

The mere reception of evidence showing how vacant land may be improved does not necessarily lead to the inference that the commissioners were misled thereby and that they proceeded upon an erroneous theory in making their award. In *Matter of City of New York* (*Inwood Hill Park*) (197 App. Div. 431) the claimants were allowed to introduce a plan of improvement prepared by a landscape architect and an engineer, involving the construction, regulating, grading and paving of two streets, with sewer systems which would run through appropriate parts of the property of the other owners who had not signified their assent to the scheme and yet were to be saddled with a goodly portion of the expense. " On these streets were to be erected large and handsome apartment houses, which could be rented at twelve dollars per room per month, thus returning a handsome revenue to the owners. This landscape artist and engineer must have received their inspiration from reading 'The Gilded Age,' for their idea savors very much of Colonel Sellers' plan to cut up a Mississippi plantation into corner lots and sell them at the prevailing prices for such lots on Broadway, New York, and thus realize millions."

And the court further said: " The plan was altogether too speculative and fanciful to merit the slightest consideration, and the learned justice at Special Term treated it with the degree of respect it deserved by ignoring it."

And the court further said in that case: " The mere fact that the court did not accept the testimony of the city's experts as to value, does not show that he was influenced by the fanciful and speculative plan presented by the claimants."

And the court in that case confirmed the award notwithstanding the introduction of such fanciful plan.

The defendant executor of Ferris in this case did not offer any testimony as to the rental value of the property as improved according to the plans submitted. It merely undertook to demonstrate that the improvement of the property as claimed by it was feasible and that the property was physically capable of such improvement. The witnesses as to the value did not base their estimates of damage to the defendant upon this plan of improvement but based the same upon market value only.

A similar question was raised in *Matter of Bronx Parkway Commission* [*Farley*] (192 App. Div. 412) and the court there said: " Every intendment is in favor of the report. (*New York Central & H. R. R. R. Co.* v. *Newbold*, 166 App. Div. 195, and cases cited.) I am

not convinced that the commissioners followed an erroneous principle which affected the award or that the award is so excessive as to be palpably unjust.

" The alleged error of erroneous principle is the adoption of testimony of ' speculative development.' The defendant adduced considerable testimony from witnesses of whom several were of high standing and of great experience, as to the availability of this land for many different industrial purposes. * * * The fact that the land is vacant makes such testimony in a sense ' speculative,' which word in its origin implies a vision or an outlook. But the marketable value of the land may be considered in the light of its prospective use. Such is the significance of the word ' available' in the expression of the Supreme Court of the United States, ' its fair market value for all available uses and purposes.' [Cases cited.] * * * It is not the speculative feature of such testimony, in itself, that makes it incompetent, but speculation and remoteness. The difference is between probability and possibility. * * *."

This case is very similar to the *Farley* case, and I do not see how it can be distinguished in any way as to the question of the admission in evidence of the plan of improvement.

There remains, however, one other question to be considered. The condemner contends that the commissioners erred in receiving from the superintendent of the Hodgman factory, located on the Bronx river below the defendant's property, unsworn statements not reduced to writing and not communicated to counsel.

It appears that the Hodgman Company admitted the commissioners to inspect their plant but refused admission to counsel both for the plaintiff and defendant. The commissioners thus had an opportunity to converse with the superintendent and employees of the Hodgman factory who are claimed by the condemner to be hostile to it because the Hodgman Company is a possible claimant for damages against the plaintiff growing out of the diversion of the water from said company.

An issue had been raised as to whether the waters of the Bronx river were suitable for use in connection with the property. The plaintiff contended that they were not and had introduced testimony that the said waters were not suitable for manufacturing purposes, and an expert of the defendant testified that the same were being used by the Hodgman Company and had been so used for a number of years for boiler purposes and for condensing, to clean gum and rubber and to cool rolls, and for sanitary and laboratory washing.

There was some discussion upon the question as to whether the

commissioners should visit the Hodgman plant. The defendant's counsel proposed that they should do so and it does not appear that the plaintiff's counsel consented thereto. The chairman of the commission stated that they " will themselves seek first hand information from the Hodgman plant." No formal stipulation with respect to the proposed visit was entered into, nor was there stated by counsel on either side any condition as to the attendance of counsel or otherwise with respect to the visit. Two of the commissioners visited the plant. The record shows only that " the commissioners met and viewed the property and also visited the Hodgman Rubber Company factory."

On the motion to confirm the award the plaintiff filed affidavits stating the particulars of the visit of the commissioners to the Hodgman Rubber Company plant which were replied to by the defendants, who filed the affidavits of the commissioners stating in detail the circumstances of the visit, and the facts that they had learned there, but it seems to me that such affidavits cannot be considered on this motion, as it is by the record alone that the court must be guided. (*Matter of Town of Guilford*, 85 App. Div. 207; *Matter of New York, Westchester & Boston R. Co.*, 73 Misc. Rep. 219.)

I cannot find that this visit of the commissioners to the plant of the Hodgman Company, not accompanied by counsel, and an inspection of the same, was erroneous or prejudicial to the plaintiff. It has been held: " The commissioners are to exercise their own judgment, and they may arrive at their conclusion in disregard of the figures of any or all experts. They are ' untrammeled by technical rules of evidence and unrestricted as to their sources of information * * *. They shall be guided by their own judgment and experience, rather than by the opinions of witnesses.' " (*Matter of Bronx Parkway Commission*, 192 App. Div. 412, 418; *Matter of City of New York* [*Inwood Hill Park*], 197 id. 431, 436.)

Two of the commissioners are lawyers of experience and high standing. I am satisfied that they have given due consideration to the evidence and have not allowed themselves to be improperly influenced by any fanciful claim, or by any unsworn statement of any person from whom they sought information but have exercised their senses to discover the facts.

I am also satisfied that the award is reasonable, that the commissioners were not in any way influenced by the adoption of erroneous theories in the valuations which they made, and that their award should be confirmed.

So ordered.