Adolph Isaac, Respondent, v. Max Katzenstein and Others, Appellants, Impleaded with Others, Defendants.— Judgment and order unanimously affirmed, with costs. No opinion. Present — Kelly, P. J., Rich, Jaycox, Kelby and Young, JJ.

In the Matter of the Application of Bronx Parkway Commission, Respondent, to Acquire Title to Lands of William F. Kraft and Another, Individually and as Executors, etc., of Frederick W. Kraft, Deceased, Appellants. City of Yonkers and Another, Respondents.— Order of Special Term setting aside the report of the commissioners of appraisal and directing a rehearing before new commissioners reversed, upon the law and the facts, with ten dollars costs and disbursements, and motion to confirm the report of the commissioners granted, with costs. The order is appealable. (*Matter of Manhattan Railway Co.* v. *Stuyvesant,* 126 App. Div. 848, 849.) The award was not based upon an erroneous theory. The testimony regarding the availability of the land for industrial or commercial purposes was permissible. (*Matter of Bronx Parkway Commission* [*Ferris*], 206 App. Div. 526; *Matter of Bronx Parkway Commission* [*Farley*], 192 id. 412.) Our former decision in this case was based principally upon the fact that the experts capitalized a loss of profits which might possibly be earned by the establishment of a hypothetical ice plant. We did not intend to hold that " all available uses and purposes " to which vacant land might reasonably be adapted should not be considered in determining market value; in fact, we expressly stated to the contrary. [See 191 App. Div. 212.] We are of the opinion that the award made by the commissioners was fairly within the testimony regarding valuation, and that it should not have been set aside as excessive. Kelly, P. J., Jaycox, Manning, Kelby and Kapper, JJ., concur.

In the Matter of the Petition of Frieda Hinsch and Another to Render and Settle Their Account as Executors, etc., of Louise Diehl, Late of the County of Kings, Deceased.— Order of the Surrogate's Court of Kings county denying motion for new trial upon· the ground of newly-discovered evidence unanimously affirmed, with costs to the respondent payable out of the estate. No opinion. Present — Kelly, P. J., Manning, Kelby, Young and Kapper, JJ.

John Van Benschoten, Inc., Appellant, v. Andrew Rondos, Respondent.— Judgment and order denying motion for new trial reversed on the law and the facts, and new trial granted, with costs to abide the event. The order for the sale of the automobile was accepted by the shipment of the automobile and the payment therefor by the defendant. The testimony admitted over objection and exception at folio 339 of the record, to the effect that plaintiff orally warranted that in case the price of the Marmon car should decline between the date of sale and July 1, 1921, the plaintiff would reimburse the defendant for the amount of such decline, was error. It varied the terms of the written contract between the parties. (*Eighmie* v. *Taylor,* 98 N. Y. 288; *Imperator Realty Co.* v. *Tull,* 228 id. 447, 451.) Kelly, P. J., Manning, Kelby, Young and Kapper, JJ., concur.