BOARD OF HUDSON RIVER REGULATING DISTRICT, Plaintiff, *v.* WILLIAM E. CADY and Others, Defendants.

Supreme Court, Saratoga County, April 3, 1928.

**Eminent domain — award — application to confirm award by commissioners in proceedings to condemn land as part of natural reservoir — award of $2,650 for thirty-five acres of seventy-five-acre farm, confirmed.**

An award of $2,650 made by commissioners of appraisal in proceedings to condemn land as part of a. natural reservoir, should be confirmed, where the property to be acquired consists of thirty-five acres of a seventy-five-acre farm on which is located one building, a barn, and there is nothing to show that the commissioners predicated their award upon passion, bias, prejudice or palpable mistake.

The fact that the commissioners did not accept the figures of either the plaintiff's witnesses or those of the defendants, does not justify the court in substituting its judgment for that of the commissioners.

The commissioners are the exclusive judges of the credibility of all witnesses, are untrammeled by technical rules of evidence, and may disregard the figures of any or all experts and make an award consonant with the fair market value of the property for all available uses and purposes.

APPLICATION to confirm award of commissioners in condemnation proceedings.

*Charles W. Walton* [*J. Ward Russell* of counsel], for the plaintiff.

*Edward S. Coons,* for the defendants.

HEFFERNAN, J. This is an application to confirm an award made by commissioners of appraisal. It is opposed on various grounds but principally on that of inadequacy.

The property to be acquired consists of thirty-five and fifty-seven one-hundredths acres of land, being a portion of the farm of defendant William E. Cady. The entire farm consists of seventy-five acres. The defendant also owns another parcel of land consisting of twelve and one-half acres located near the larger parcel. No part of this, however, is sought to be acquired in this proceeding. Upon this property there was located but one building, a barn, at the time of the institution of the proceedings, a dwelling house having previously been burned.

The testimony of defendants' witnesses is that the premises are worth from $4,100, the lowest estimate, to $4,750, the highest. Plaintiff's witnesses place a value on the property ranging from $1,200 to $1,350. The commissioners made an award of $2,650.

The statute directs that the commissioners shall view the premises described in the petition and hear the proof and allegations of the parties, and shall, without unnecessary delay, ascertain and deter-

mine the compensation which ought justly to be made by the plaintiff to the owners of the property appraised by them, and in fixing the amount the commissioners are prohibited from making any allowance or deduction on account of any real or supposed benefits which the owners may derive from the public use for which the property is to be taken, or the construction of any proposed improvement connected with such public use. (Condemnation Law, § 14, as amd. by Laws of 1926, chap. 612.) Upon the application for confirmation of the report of the commissioners, the court may confirm it, or set it aside for irregularity, or for error of law in the proceedings before the commissioners, or upon the ground that the award is excessive or insufficient. (Condemnation Law, § 15, as amd. by Laws of 1926, chap. 612.)

After carefully reviewing the record I am unable to find any irregularity or error of law in these proceedings, and consequently the only question left is the inadequacy of the award. The value of the land as a part of a natural reservoir or site should not be considered in this proceeding. (*Matter of Simmons [Ashokan Reservoir, Sec. No. 6]*, 130 App. Div. 350; affd., 195 N. Y. 573; *McGovern v. New York*, 229 U. S. 363; *City of New York v. Sage*, 239 id. 57.) Just compensation to an owner whose property has been taken for public purposes is to be measured by what the owner lost and not by what the taker has gained. Imaginary uses or speculative values are to be excluded. (*Boston Chamber of Commerce v. Boston*, 217 U. S. 189.)

An award will not be set aside by the court upon the ground that it is excessive or inadequate unless it is palpably so, or unless it appears that the commissioners adopted an erroneous principle as to damages. (*Harlem River & P. R. R. Co. v. Reynolds*, 50 App. Div. 575; *Matter of Bensel [Southern Aqueduct, Secs. 15 & 17]*, 152 id. 499.) The commissioners were not bound to accept the figures of either plaintiff's or defendants' witnesses. They are the exclusive judges of the credibility of all witnesses and the weight to be given to their testimony. They may disregard the figures of any or all experts and may make their award from their own inspection of the premises. In fact, they are untrammeled by technical rules of evidence and unrestricted as to their sources of information. (*Matter of Bronx Parkway Commission*, 206 App. Div. 526; *Matter of City of New York [Croton River Dam]*, 129 id. 711.)

In this instance the commissioners apparently rejected the evidence of the experts on both sides. Many experts unwarrantably assume a superior attitude and endeavor to leave the impression that wisdom will die with them. The triers of the fact should

49

not be condemned in failing to be convinced by their egotism and their pretensions. The awaid in this case is practically twice the largest valuation placed upon the premises by plaintiff's witnesses. The question of value is always a troublesome one. When the State, in the exercise of the right of eminent domain, takes the property of a citizen without his consent, he should be fully indemnified. He is not entitled, however, to recover what he thinks it is worth but only its fair market value for all available uses and purposes. In the last analysis, however, what is fair and just compensation is a question of fact. In the absence of evidence showing passion, bias, prejudice or palpable mistake, I feel that I am not justified in substituting my judgment for that of the commissioners, and hence the award is confirmed.