## In re SIMMONS et al.

(Supreme Court, Appellate Division, Third Department. January 22, 1909.)

1. EMINENT DOMAIN (§ 134*).—COMPENSATION—MARKET VALUE.
   The owner of land taken in condemnation proceedings is entitled to the fair market value thereof for any use to which it is adapted, but the damages may not be increased by any consideration of the probability that in the future it may be used for some use to which it is adapted, unless it appears that the market value is enhanced thereby.
   [Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. § 356; Dec. Dig. § 134.*]

2. EMINENT DOMAIN (§ 133*).—DAMAGES—EVIDENCE—ADMISSIBILITY.
   In condemnation proceedings, the market value of the land, with the buildings and other improvements which are adjuncts to the freehold, must be considered in determining the amount of compensation, but testimony of the structural value of the buildings is not competent.
   [Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. § 358; Dec. Dig. § 133.*]

3. PLEADING (§ 294*)—SPECIAL PROCEEDINGS—PETITION—ADMISSIONS BY FAILURE TO DENY.
   When the material allegations in a verified petition in a special proceeding are not denied by some counteraffidavit, they stand sufficiently proved for the purpose of the ultimate order.
   [Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 885, 886; Dec. Dig. § 294.*]

4. EMINENT DOMAIN (§ 134*)—COMPENSATION—EVIDENCE—ADMISSIBILITY.
   Where proceedings by a city to condemn land for a reservoir for water supply were based on a demand for the property on the part of the city and its adaptability in conjunction with other parcels for a reservoir site, and the commissioners of appraisal understood that such facts were established, the commissioners properly refused to consider such facts in forming an opinion of the market value of the property, in the absence of any evidence that they had enhanced the value thereof before it was appropriated by the city.
   [Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. § 356; Dec. Dig. § 134.*]

5. STATUTES (§ 212*)—CONSTRUCTION.
   Laws are presumed to be drafted with full knowledge of all existing ones on the same subject.
   [Ed. Note.—For other cases, see Statutes, Dec. Dig. § 212.*]

6. EMINENT DOMAIN (§ 265*)—STATUTES—COSTS.
   Laws 1905, p. 2027, c. 724, authorizing the city of New York to acquire lands for a water supply, prescribing an independent procedure for the acquisition of the lands necessary, and providing for an allowance to parties appearing in the proceeding of such sum as the commissioners of appraisal may deem proper to be allowed as expenses and disbursements, including compensation for witnesses, covers the whole question of condemnation proceedings by the city to acquire the lands, and the court cannot allow costs as authorized by Code Civ. Proc. § 3240.
   [Ed. Note.—For other cases, see Eminent Domain, Dec. Dig. § 265.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Appeal from Special Term, Ulster County.

In the matter of the application of J. Edward Simmons and others, as the Board of Water Supply of the city of New York, to acquire real estate. From the final order of the Supreme Court (58 Misc. Rep. 607, 109 N. Y. Supp. 1054), confirming a report of the commissioners and from the appraisal and report of the commissioners, the landowners appeal. Affirmed.

Argued before SMITH, P. J., and CHESTER, KELLOGG, COCHRANE, and SEWELL, JJ.

D. Cady Herrick, for appellant.

John J. Linson, for respondent.

SEWELL, J. This proceeding was instituted under chapter 724, p. 2027, Laws 1905, entitled:

"An act to provide for an additional supply of pure and wholesome water for the city of New York; and for the acquisition of lands or interest therein, and for the construction of the necessary reservoirs, dams, aqueducts, filters and other appurtenances for that purpose; and for the appointment of a commission with the power and duties necessary and proper to attain these objects."

Section 12 of the act provides for the appointment of commissioners of appraisal, and that it shall be their duty to view the real estate and hear the proofs and allegations of the parties and other persons interested, and that they "shall without unnecessary delay ascertain and determine the just and equitable compensation which ought to be made by the city of New York to the owners or the persons interested in the real estate sought to be required or affected by said proceedings." The proceedings were commenced June 25, 1907, to acquire certain real estate in the town of Hurley, Ulster county, known as "parcel 246." The commissioners of appraisal were appointed June 29, 1907, and on the 6th day of November, 1907, they proceeded to hear the proofs and allegations of the parties. In their report dated January 3, 1908, they stated that they had estimated and determined upon $3,300 as the sum to be paid to the owners for the fee of the premises.

The principal question presented by this appeal is whether the commissioners proceeded upon an erroneous principle in determining the amount that should be awarded to the owners. It is unnecessary to cite and comment upon the various cases, decided in the courts of this and other states, upon the subject of damages in proceedings of this character. It is sufficient to say that the rule is well established in this state by an unbroken line of authority that the owner is to receive the full value of the land taken, not its value to the owner or to the person or corporation seeking to acquire it, but the market value of the property, which means the fair value as between one who wants to purchase and one who wants to sell. The landowner is not limited in compensation to the condition which the property is in at the time, or to the use which he makes of it, but is entitled to receive its market value for any purpose to which, in the judgment of the commissioners, it is adapted. He is, however, not entitled to be paid more

merely because the land is peculiarly adapted to the use to which it is intended to be applied. The fact that the land will be used for a reservoir rather than a farm or any other lawful business forms no material out of which an award is to be made. Whether the land taken is to be used for a reservoir, or a garden, is a question, so far as the compensation is concerned, with which the commissioners have nothing to do. Their duty is to award compensation for the taking of the land, and not for the use to which it will be applied when taken. Albany Northern R. R. Co. v. Lansing, 16 Barb. 68; Matter of Daly, 72 App. Div. 394, 76 N. Y. Supp. 28; Matter of East River Gas Co., 119 App. Div. 350, 104 N. Y. Supp. 239. It is only when it is shown that it has a market value for some particular use that the availability and adaptability of the property to the use can be taken into account by the commissioners in determining its fair market value. The owner is not entitled to swell the damages beyond the fair market value of the land at the time it is taken by any consideration of the chances or probability that some time in the future it may be used for some purpose to which it is adapted, unless it appears that the market value of the property is enhanced by the chances or probability. As was stated in Moulton v. Newburyport Water Co., 137 Mass. 163:

"If there were different customers who were ready to give more for the land on account of the chances, or if there were any other circumstances affecting the price which it would bring upon a fair sale in the market, these elements would necessarily be considered by the jury, or by a witness in forming an opinion of the market value."

But the mere hopes of an owner that his property may at some future time be required for a reservoir or storage basin for supplying the city of New York or any other city with water cannot be considered, unless the probability of such an event, in the public mind, had in fact affected the fair market value at the time it was taken. Matter of N. Y., L. & W. R. Co., 27 Hun, 151. This rule was stated by Mr. Justice Cullen in Matter of Daly v. Smith, 18 App. Div. 197, 45 N. Y. Supp. 785, where he said:

"It is the market value of the property that is the measure of the compensation. When, therefore, it is sought to show that a tract of land has a use for a particular purpose, it must be also shown that it is marketable for that purpose, or has an intrinsic value."

It is contended on behalf of the appellant that an improper basis was adopted by the commissioners in determining the compensation which ought justly to have been made him; (1) in excluding from consideration as an element in the market value of the property the structural value of the buildings upon it; (2) in excluding evidence of the adaptability and availability of the property for reservoir purposes; (3) in excluding evidence of the value of the property as a part of a reservoir site. It is argued that the award is much less than it would have been had this evidence been admitted and considered. It is unnecessary to discuss the question whether the commissioners erred in refusing to permit the owner to show the value of the structures upon the land, further than to say that it is the market value of the land with the buildings and other improvements

thereon; that is, the measure of compensation. The buildings put upon the land are simply adjuncts to the freehold. They add to its value, and are properly included in an appraisal of it, but it is the value of the land and structures which is to be determined, and not the cost of them. For these reasons, it has been held that testimony of the structural value of buildings is not competent in proceedings of this kind. Matter of the City of New York, 118 App. Div. 272, 103 N. Y. Supp. 441; Village of St. Johnsville v. Smith, 184 N. Y. 341, 77 N. E. 617, 5 L. R. A. (N. S.) 922. It is probably true that the commissioners might properly have received evidence tending to show that the Ashokan reservoir site is the cheapest, best, and most available site for water supply purposes and for furnishing water to the city of New York, but it was not error to exclude the testimony offered as those facts were stated in the petition, and no issue was raised over the question of a demand on the part of the city of New York or the availability or adaptability of the property. When the material allegations in a verified petition in a special proceeding are not denied by some counteraffidavit, they stand sufficiently proved for the purpose of the ultimate order. Matter of N. Y. El. R. Co. (Sup.) 7 N. Y. Supp. 707; In re New York, L. & W. Ry. Co., 99 N. Y. 12, 1 N. E. 27. The proceeding was based upon a demand for the property on the part of the city of New York and its adaptability and availability in conjunction with other parcels for a reservoir site. The record shows that the commissioners understood that these facts were established, and that they went no farther than to hold that the facts could not be considered in forming an opinion of the market value of the property, in the absence of any evidence showing that they had enhanced or affected its value, before it was appropriated by the city.

It was for the commissioners to determine whether the land was really salable and marketable as a part of a reservoir site, and, if they so found, the real price or sum that could be obtained for it. The appellant did not prove or attempt to prove that the value of the property in question, or any of the property included in the reservoir site, had been increased by its adaptability or availability for reservoir purposes before the commencement of this proceeding. There is no shadow of evidence of any prior demand for the property as a reservoir site or of any customer who would give more for it for that purpose, or of any circumstance by which the value of the parcel in question, as a part of a natural reservoir site, could be estimated or determined. In the absence of such evidence, it is plain that the appellant has received the benefit of everything which enhanced the value of his property, except the increase caused by the taking of it by the city. The offer was, in effect, to prove an increase in value due to the selection of the site by the city and the proceeding to acquire it. It did not merely bring up the question of the value of the property taken from the appellant, but that value plus an increase in value caused by the proceeding to condemn. As I have already observed, the question was the market value of the property unaffected by the determination to use it for a reservoir site, and to this question the commissioners rightly confined the evidence.

As to the authority of the court to allow costs under section 3240 of the Code of Civil Procedure, I agree with the opinion of Mr. Justice Mills in Matter of the Board of Water Supply of the City of New York, which was another proceeding under this statute, that a claimant is not entitled to costs at the rates allowed for similar services in an action. Section 13 of the statute in question provides for an allowance to parties appearing in the proceeding of such sums as the commissioners may deem proper to be allowed, "as expenses and disbursements, including reasonable compensation for witnesses." My opinion is that the Legislature intended by this provision to regulate the question of costs in proceeding under the statute. Laws are presumed to be formed with deliberation and with full knowledge of all existing ones on the same subject. Brown v. Lease, 5 Hill, 221. So it is but reasonable to conclude that the Legislature in passing this statute did not intend that the right to costs under it should be governed by the general statute as to costs in special proceedings. This case is to be distinguished from Matter of the Application of the City of New York to Acquire Certain Real Estate in the Town of Hempstead, 125 App. Div. 219, 109 N. Y. Supp. 652, relied upon by the appellant. Chapter 725, p. 2051, Laws 1905, under which that proceeding was brought, contains no provision for the allowance of costs, expenses, or disbursements to the claimant. "It does not," said Mr. Justice Woodward in that case, "assume to be an act to govern the proceedings in condemnation in whole. * * * It relates to the matter of proceedings under other statutes, whether general or special, and, being a statute in pari materia, is to be read and construed in connection with these other statutes, rather than as superseding them." Chapter 724 is a special statute. It pretends to cover the whole question of condemnation proceedings by the city of New York to acquire lands for the purpose of a reservoir. It prescribes an independent procedure, and was evidently intended to furnish the whole law on the particular subject. I am also of the opinion that the compensation awarded is adequate in view of the evidence taken.

If these views are correct, they lead to an affirmance of the order appealed from, with costs. All concur.