## In re ASHOKAN DAM.

(Circuit Court, S. D. New York. October 4, 1911.)

EMINENT DOMAIN (§ 134*)—CONDEMNATION PROCEEDINGS—DAMAGES—RESERVOIR SITE.

Where farm lands condemned by a city for reservoir purposes were valuable as a reservoir site, not only to such city but to others, such availability may properly be considered in awarding damages for their taking.

[Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. § 356; Dec. Dig. § 134.*]

In the matter of application to condemn land in Ulster County, New York, for Ashokan Dam and Reservoir; William Sage, Jr., claimant. On motion to confirm report of commissioners. Confirmed.

Edward A. Alexander, for claimant.

William McM. Speer and Walter C. Sheppard, for City of New York.

LACOMBE, Circuit Judge. The proceeding affecting property of this claimant was removed to this court by reason of diversity of citizenship.

The commissioners made an award of $7,624.45 for the land and buildings of claimant's parcel and the further sum of $4,024.45 for reservoir availability and adaptability. The city of New York moves to confirm the report as to the $7,624.45 only, contending that there should be no award for reservoir availability. The claimant moves to send the case back on the ground that the amount awarded for reservoir availability is wholly inadequate.

So far as the latter motion is concerned, it appears that the evidence is of such a character that the court is not disposed to disturb

the conclusion reached by the commissioners any more than it would an award of a like amount by a jury predicated on such testimony. This motion is therefore denied.

The evidence shows that the land in question, together with that of claimant's neighbors, was available as a reservoir site, and that such availability was not confined to the uses of New York City. Apparently the award is not made on the basis of the value of the reservoir lands to the city of New York alone; had such been the basis, the valuation would have been very much higher. But the commissioners have taken into consideration as an element of value the circumstance that, had New York City never gone to this watershed, some other political community or some water company created by statute might have been willing to pay more than their value as farming land for the parcels which would enable it to impound water there. Under Boom Company v. Patterson, 98 U. S. 403, 25 L. Ed. 206, this was a proper method of determining value.

An interesting point is raised, viz., whether since the decisions of the state courts are not in accord with those of the federal courts on that subject (In re Ashokan Reservoir, 130 App. Div. 350, 352, 357, 114 N. Y. Supp. 571, 575, of which the McGovern claim was affirmed by the New York Court of Appeals without opinion) comity should not require the latter courts to follow state decisions. This question is about to be presented to the United States Supreme Court in the McGovern Case (229 U. S. 363, 33 Sup. Ct. 876, 57 L. Ed. 1228), which has been taken to that tribunal. In view of this circumstance it is unnecessary to discuss that question here. The principle laid down here in Boom Company v. Patterson, supra, will be followed and the entire report of the commissioners confirmed. Presumably before this decision comes up for review at the next term of the United States Circuit Court of Appeals a decision of the United States Supreme Court (in the McGovern Case) will dispose of the question.

Report as to claimant's parcel is confirmed.