In the Matter of the Application and Petition of the BOARD OF WATER SUPPLY OF THE CITY OF NEW YORK to Acquire Real Estate under Chapter 724 of the Laws of 1905, and the Acts Amendatory Thereof and Supplemental Thereto.

TRI-COUNTY LIGHT AND POWER COMPANY, Claimant.

Supreme Court, Rensselaer County, June, 1923.

Eminent domain — measure of damages must be based on the market value of property as it exists — error to include assumed value of hypothetical hydro-electric plant — confirmation of award denied and claim sent back for a new hearing before a new commission.

When property is taken by eminent domain the owner is entitled to the fair market value of the property for the most advantageous uses to which it may be applied. But this is the value of the property as it exists, not its value as it might be made to exist.

Where upon an application to confirm the report of a commission for the acquiring of real estate by the board of water supply of the city of New York it appears that the commission based the measure of damages largely upon a hypothetical hydro-electric plant which never existed, but which they assumed might be built on the site condemned, and added this value to the value of the property taken, confirmation of the award will be denied on the ground that it is excessive and the claim sent back for a new hearing before a new commission.

The market value of the property as it existed when taken, not its value after a new plant had been constructed, should have been the controlling principle to guide the commissioners.

APPLICATION to confirm report of commission.

*A. T. Clearwater* and *Harry H. Fleming,* for claimant.

*John P. O'Brien,* corporation counsel, and *William H. Grogan,* special counsel, for the city of New York.

*Arthur A. Brown,* for the Gilbert heirs.

HOWARD, J. After reading the report, opinion, briefs and voluminous papers herein, and after carefully studying the subject and comprehending it as well as I can, I have concluded that this award ought not to stand, for the reason that the commission pursued an erroneous theory in measuring the damages, which led them to an erroneous conclusion, and to an excessive award.

Judge Clearwater, the learned counsel for the claimant, points out in his brief the danger that another commission, if appointed, might " regard itself as created for the distinct and sole purpose of reducing the award." I recognize this danger, but of course this should not deter the court from a correct application of the law in this case. I shall, however, undertake to avoid the danger as far as possible in what I shall write. If the claimant is forced to try its case over again it should not be prejudiced because this commission has fallen into error or by the language of the court in pointing it out.

The commission, in a way, disregarded the condition and value of the property taken. They dealt largely with a supposititious property. They assumed that a new modern 1,500 horse power hydro-electric plant could be built on the site of the claimant and that such a plant would produce a net annual revenue of $17,500. This amount capitalized at twelve and one-half per cent would result in a property worth $140,000. The commission, in the opinion, did not work the problem out quite to this solution but a slight computation will show that $17,500 is twelve and one-half per cent on $140,000. To this sum they added, somewhat arbitrarily it would seem, $15,000 for " certain buildings, including

the dam, flume and other developments," and thus the total award of $155,000 was reached.

It is clearly apparent from the opinion that the hypothetical power plant, the plant which never existed at all, and which, consequently, has not been taken by the city, was the chief item of damage going to make up the total award. The tangible existent property, the real thing taken, received scanty value in compiling the $155,000.

By pursuing this method of measuring the damages the commission have run directly in the teeth of *Matter of City of New York* (*Blackwell's Island Bridge*), 118 App. Div. 272, and also counter to the specific rule formulated by Lewis in his work on Eminent Domain (3d ed.), § 709. This is the language of the latter writer: " If the property has a water power on it, this fact may be shown, but it would be incompetent to go on and show what mills might be constructed and furnished with power therefrom and what profits could be made from the operation of such mills."

The market value of the property as it existed when taken, not its value after a new plant had been constructed, should have been the controlling principle to guide the commissioners. True it is that the landowner is entitled to the fair market value of the property for the most advantageous uses to which it may be applied. *Matter of Furman Street*, 17 Wend. 649; *United States* v. *Chandler-Dunbar Co.*, 229 U. S. 53. But that is the value of the property as it exists, not its value as it might be made to exist.

In appraising the value of the hypothetical plant, as well as the value of the property itself, the commissioners listened too much to evidence of *value* as distinguished from the *market value*. It is not the *value,* but the *market value* of the property that must be ascertained. The courts all emphasize this principle. " The landowner * * * is entitled to receive its market value for any purpose to which, in the judgment of the commissioners, it is adapted." *Matter of Simmons*, 130 App. Div. 350. " The owner must be * * * paid its fair market value for all available uses and purposes." *United States* v. *Chandler-Dunbar Co.*, *supra* " What it was worth for sale " is the expression used in *United States* v. *First Nat. Bank*, 250 Fed. Rep. 299. But in this case I fear that the commission lost sight of the market value. There was very little proof of the market value of this property. So far as the property had ever been in the market the price at which it was bought and sold was so insignificant, compared with the award, that it would afford no basis whatever for the figure arrived at. There was expert evidence of the market value of

the products of the new proposed hypothetical plant, and of the old plant, but it is the market value of the plant itself, the *property taken*, not its output, that constitutes the measure of damages.

It is argued that the claimant should not be prejudiced by the fact that it has not been able to develop the property to its full capacity. And that is true. A farm badly worked by a shiftless owner may be vastly more productive in the hands of a provident husbandman; and the owner, in such a case, if the land be taken by condemnation, is entitled to the market value of the property in a state of maximum productivity, as it would be under the management of a thrifty owner, but he is not entitled to its value after great modern barns and silos and buildings have been built. Neither can the true value of the property at the time it is taken be ascertained by estimating the revenue it would yield after the erection of these expensive cattle barns and silos and structures. The claimant in this case must be compensated for what has been taken from it, but no modern 1,500 horse power hydro-electric plant has been taken from it.

I consider the damages excessive, although, perhaps, not shockingly so. If the commission had arrived at a correct figure or an approximately correct one, even by an erroneous process, their determination ought not to be disturbed, and I should not feel that I ought to set aside this award except that the opinion reveals clearly to me that the commission was led to an erroneous conclusion, that is, to an excessive award, by an erroneous theory. But counsel for the claimant asks whether the court should put its judgment against that of the commission " without having made an investigation or study of the locality." The court should not do so. I so held in *Sands* v. *City of New York*, 104 Misc. Rep. 427. Incidentally it might be proper to mention in this connection, although it is wholly irrelevant, that the court, in this instance, has personally visited the premises since the claimant's plant was destroyed and, in a casual way, studied the locality. My conviction, however, that the award is excessive does not grow out of my inspection of the property; on the contrary, I was greatly impressed with the site and the water power and was convinced that the damage done to the claimant was substantial and irreparable. It is because the commission has placed a value upon something *in addition* to the property taken, that is, placed it upon the hypothetical plant, and added this value to the value of the property taken, that I consider the award excessive.

If a new commission becomes necessary it should be guided by the evidence presented to it and not be influenced either by the court's impressions of value or by the present commission's award.

Surrogate's Court, New York County, June, 1923.          [Vol. 121

Perhaps by following a correct theory a new commission may arrive at the same, or even a greater, award of damages.

The claim is sent back for a new hearing. The city protests against a new hearing by the same commission, and, therefore, a new commission must be appointed.

The order may be settled on notice.

Ordered accordingly.