WILLIAM H. HERVEY vs. CITY OF PROVIDENCE.

JUNE 7, 1926.

PRESENT: Sweetland, C. J., Stearns, Rathbun, Sweeney, and Barrows, JJ.

*(1)  Condemnation Proceedings.  Evidence.*

In condemnation proceedings, where evidence is offered of sales of property claimed to be substantially similar to the property in question, the preliminary question whether the properties are so similarly situated as to be of aid to the jury in determining value, is addressed to the discretion of the court, and the right to except to the court's decision can arise only from an improper exercise of discretion.

*(2)  Condemnation Proceedings.  Evidence.*

In condemnation proceedings evidence of comparisons of the location of the property in question, its barns, buildings or land with the same on other farms, was inadmissible, as while the witness could testify to facts the making of comparisons is a conclusion to be drawn by the jury.

*(3)  Condemnation Proceedings.  Measure of Damages.*

In condemnation proceedings of farm property, the measure of damages is the market value of the property.   Where there are buildings, evidence by a builder alone of their value as separate items from the market value of the land is not admissible.   Market value is the value of the land and buildings as a unit.   Distinguishing *Hall* v. *City of Providence*, 45 R. I. 167.

*(4)  Condemnation Proceedings.  Evidence.  Charge.  Trial.*

In its charge in condemnation proceedings it was not improper for the court to call the attention of the jury to the fact that all evidence admitted is not of the same persuasive force, and it could properly warn the jury of the difficulties in making comparisons and call its attention to the individual elements entering into the market value of farm property and the dangers of overlooking these elements when making comparisons.

PETITION for assessment of damages.   Heard on exceptions of defendant and certain exceptions sustained.

BARROWS, J.   Heard on exceptions of the City of Providence after an award to plaintiff of $8,280 on a petition for assessment of the value of his farm taken by the city in condemnation proceedings; $6,000 was awarded as the market value and interest of $2,280 was added thereto.

Twenty-two exceptions were taken on motions and rulings in the trial of the case.   The first related to excessive damages.   The twenty-second covers thirteen exceptions to

the charge but, in view of our conclusion that a new trial must be had, we do not feel it necessary to analyze and pass upon the matters covered in these two exceptions. All of the other exceptions apart from those numbered 3, 4, 5 and 6 we consider without merit and overrule. Some of these will receive consideration in the general discussion of the case.

The points made by the City are that the court erred: first, in excluding evidence relating to seven sales of farm property, each of which defendant claims was similar to the Hervey farm; second, in permitting a builder to testify as to the structural value of the buildings apart from the land; third, in criticizing in the charge to the jury defendant's testimony relative to admitted sales of similar property as "not a high class of evidence".

The court excluded evidence of sales of property not shown to be "substantially similar to the property in question". Similarity was construed rather narrowly but sale prices of farms which, in the court's opinion, were shown to be similarly situated were offered by defendant and admitted in at least six instances. Prior to the admission of such testimony a question always arose whether the farms were so similarly situated as to be of aid to the jury in determining value in the present case. That preliminary question was addressed to the discretion of the court. *Shattuck* v. *Stoneham Branch R. R.*, 6 Allen, 115; *Hunt* v. *Boston*, 152 Mass. 168; *Teele* v. *Boston*, 165 Mass. 88; Cf. *Daigneault* v. *City of Woonsocket*, 18 R. I. 378. A considerable latitude must be allowed in determining similarity. Remoteness alone will not preclude the evidence, as held in *Paine* v. *Boston*, 4 Allen 168, but the court says: "if, considering all the circumstances, the court rejects the evidence the ruling is not open to exception." Failure to agree with the defendant on whether the property is similarly situated is not error. If there be ground for a reasonable difference of opinion the trial justice must exercise the controlling judgment and the right of the defendant to except thereto can arise only from an improper exercise of the trial court's discretionary power.

*Levinson* v. *Boston Elevated Ry.*, 191 Mass. 75. The situation is analogous to those cases where the trial justice passes on the qualifications of an expert witness before his testimony is admitted. The preliminary question is for the court; the weight to be given to the testimony is a matter for the jury. *Eastman* v. *Dunn*, 34 R. I. 416. Where evidence may be of some slight logical probative value but is remote in its bearing upon the case or likely to mislead the jury or complicate the case, it is properly ruled out. *Petition of Hubert O. Thompson*, 127 N. Y. 463; *Amoskeag Mfg. Co.* v. *Head*, 59 N. H. 332. While we are not certain that we should have agreed with the rulings of the trial justice in each particular instance, we can not say that the ruling in any instance was "palpably or grossly wrong". *Eastman* v. *Dunn, supra.* We overrule all exceptions relating to refusal to admit evidence of sales which the defendant offered as similar.

(2)    Nor was evidence admissible of comparisons of the Hervey location, barns, buildings or land with the same on other farms. The witness should testify to the facts. The making of comparisons is a conclusion to be drawn by the jury. *Shattuck* v. *Stoneham Branch R. R., supra.*

(3)    The measure of damages in cases of this type is the market value of the property. *Hall* v. *City of Providence*, 45 R. I. 167. Where there are buildings evidence by a builder alone of their value as separate items from the market value of the land is not admissible. Market value is the value of the land and buildings as a unit. Vol. 1, Nichols on Eminent Domain, 2d ed. p. 694, says: "The proper measure is the market value of the land with the buildings upon it and the owner therefore receives nothing for the buildings unless they increase the market value of the land." Hence, in this case evidence of a builder of structural value of the buildings was not admissible as an aid in determining value. *In re Simmons*, 195 N. Y. 573, affirming 130 App. Div. 350, at 354; *Vallejo, &c. R. R. Co.* v. *Home Savings Bank*, 24 Cal. App. 166. In the case of

*Hall* v. *City of Providence, supra,* testimony of the cost of improvements was admitted owing to the peculiar circumstances of that case. No sales of similar property had been made; market value, *i. e.,* a sale from a willing seller to a willing buyer could not be fixed in the usual way and the court permitted the evidence on the theory that the cost of improvements might be of some help to the jury in estimating damages where all other aids were lacking. That case is an exception to the general rule and not an alteration of the rule. In the case at bar abundant evidence of similar sales was offered to take it out of the exception established in the *Hall* case. How far the evidence introduced showing the structural or sound value of the buildings alone at the time of taking to be $7,418 was prejudicial to defendant, it would be impossible for this court to determine. The size of the verdict indicates that the figures were not accepted at face value as an element in the value of the farm but, as the influence of the incompetent evidence upon the jury can not be measured and as it was certainly prejudicial, exceptions 3, 4, 5 and 6 must be sustained.

(4)      The language of the court in the charge to which the City took exception was as follows: "Now, with regard to sales in the vicinity, I want to say that those sales,—this class of evidence is not a high class of evidence, because it appears that in this State at least each farm has a certain individuality." The thought in the judge's mind evidently was based upon *Brown* v. *Providence and Springfield R. R. Co.,* 12 R. I. 238, in which the court said, at page 240: "Many farms in this state have a value quite independent of their value for farming purposes," and thereafter called attention to numerous elements entering into market value in addition to use of the premises for agricultural purposes. The language of the charge was perhaps not felicitous. Although correct it might have been better for the court to have enlarged somewhat upon his meaning so that it should not appear to be a hostile criticism of defendant's evidence. The evidence was entirely proper and it was not improper for

the court to call the jury's attention to the fact that all evidence admitted is not of the same persuasive force. The court could properly warn the jury of the difficulties in making comparisons and call its attention to the individual elements always entering into the market value of farm property and the dangers of overlooking these elements when making comparisons.

Exceptions 3, 4, 5 and 6, to the admission of testimony as to the value of the buildings apart from the land, are sustained.

Case remitted to Superior Court for a new trial.

*Frank L. Hanley, Cooney & Cooney, Raymond E. Cuffe, for petitioner.*

*Elmer S. Chace, City Solicitor, Herbert E. Eklund, Assistant City Solicitor,* for respondent.