280 A.2d 98.
ROBERT H. LATAILLE *et ux. vs.* THE HOUSING AUTHORITY OF THE CITY OF WOONSOCKET.

AUGUST 5, 1971.

PRESENT: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

76

ROBERTS, C. J. This petition was brought pursuant to the provisions of G. L. 1956, §45-32-34, for the assessment of damages sustained by the plaintiffs as a result of the taking by the respondent Housing Authority by eminent domain of certain real property of the plaintiffs. In March, 1970, the petition was heard by a justice of the Superior Court sitting with a jury, which returned a verdict for the plaintiffs in the amount of $35,000. The Authority's motion for a new trial was denied, and thereafter the Authority prosecuted an appeal to this court.

The property taken by condemnation on January 31, 1969, was located on Green Street in the city of Woonsocket. According to undisputed evidence, the property, originally a four-family house, had been converted into an 11-unit apartment house and had been operated as such from 1950 through January of 1969. During the course of trial, evidence as to the fair market value of the property at the time of the taking was adduced through expert witnesses by both plaintiffs and the Authority. The Authority adduced testimony as to the fair market value of the property at the time of the taking through Albert G. Brien. He testified that on the basis of three comparable sales, all of which occurred before the taking, the fair market value of the property taken was $20,500.

The plaintiffs' expert, Anthony P. Zifcak, whose qualifications as an expert were not challenged, testified as to the fair market value, first, on the basis of comparable sales and, second, on the basis of capitalization of the rental in-

come. He testified in conclusion: "* * * I got the two values; on the comparable sales, I got a Thirty-five Thousand Dollars. On the income, I get the Thirty-eight Thousand Dollars value. If you wanted one value, we could correlate the two and come up with Thirty-six Five."

In other words, the record discloses that Mr. Zifcak was permitted over objection to testify as to his determination of the fair market value of the property on the basis of two of the methods he had described. He testified as to three sales of other properties that he considered to be sales of similar properties, one of which was made before the date of condemnation and two of which were made shortly after the date of condemnation. As we have already noted, on the basis of this determination he testified that the property had a fair market value of $35,000. However, the court, again over objection, permitted Mr. Zifcak to go further and to testify as to his opinion as to the fair market value on the basis of a capitalization of rent theory. On this basis he testified that, in his opinion, the property had a fair market value at the date of the taking of $38,000.

The Authority now contends, among other things, that it was reversible error on the part of the court to permit Mr. Zifcak to testify as to his opinion of the market value of the property based on capitalization of income when evidence as to comparable sales of similar properties was available and in fact already in evidence. The Authority, as we understand it, is arguing that under our cases, where evidence of comparable sales of similar properties is available on the question of the fair market value of the property taken, the availability thereof excludes the admission of evidence concerning the fair market value of the property to be taken by another method such as the capitalization of income or the cost of reproduction.

We have repeatedly held if not in express terms, at least

by clear implication, that comparable sales of similar properties constitute the best evidence as to the fair market value of property taken by eminent domain. An apt statement of this view is set out in *Manning* v. *Redevelopment Agency of Newport, Rhode Island,* 103 R. I. 371, 374, 238 A.2d 378, 380. There we said: "* * * in this state the best criterion of what constitutes just compensation for property taken by the exercise of the eminent domain power is its fair market value as evidenced by prices paid at or about the time of the taking at voluntary sales in the open market by willing buyers to willing sellers for parcels substantially similar and comparable to that taken."[1]

In the cases in which this issue has been presented to the court, there was either no evidence of comparable sales of similar properties available or there was a question as to whether evidence offered as to comparable sales related to properties that were sufficiently similar to come within the rule. In most of these cases we recognized, by clear implication at least, that the best evidence was evidence of comparable sales of similar properties but held that it was not error, in the absence of evidence of such comparable sales, to admit evidence concerning the fair market value as established by other methods. *Hall* v. *City of Providence,* 45 R. I. 167, 121 A. 66; *L'Etoile* v. *Director of Public Works,* 89 R. I. 394, 153 A.2d 173; *Atlantic Refining Co.* v. *Director of Public Works,* 102 R. I. 696, 233 A.2d 423; *Golden Gate Corp.* v. *Providence Redevelopment*

---

[1]In the majority of jurisdictions, evidence as to comparable sales of similar properties has always been admissible to prove fair market value, but the fact that such evidence is the best evidence of such value has been a comparatively recent development. In *United States* v. *329.05 Acres of Land,* 156 F.Supp. 67, 71, the court said: "Sales of the same property or those of a comparable character in the same neighborhood in recent times constitute the best evidence upon which to establish value in a condemnation proceeding." See also *State* v. *Bare,* 141 Mont. 288, 377 P.2d 357, and *State* v. *Trosclair,* La. App., 207 So.2d 597.

*Agency,* 106 R. I. 371, 260 A.2d 152. However, in our opinion, the Authority is now raising the precise question of whether the availability of evidence of comparable sales of similar properties is exclusory of the admission of evidence as to the fair market value of the property taken based upon a method of computation other than comparable sales, such as capitalization of income or the cost of reproduction.

To be consistent with our many decisions holding the admission of evidence as to capitalization of revenue or cost of reproduction to be proper because of the nonavailability of evidence of comparable sales of similar lands, we hold that the availability of evidence of comparable sales of similar lands operates to exclude from evidence testimony as to other methods for determining the fair market value. In taking this view, we are persuaded that evidence of comparable sales of similar properties is the best evidence of market value because of its probative force on that issue. We are unable to accept the traditional argument that evidence of comparable sales introduces into a case a multitude of collateral issues or that evidence of comparable sales complicates a case for the jury in any greater degree than does the admission of capitalization of revenue or cost of reproduction. We agree with one eminent text writer, who, referring to comparable sales, said: "Such evidence is capable of direct proof; it has considerable probative value. Market value is, of course, the price at which an article sells in the open market. This price is fixed by sales actually consummated. Such sales, when made under normal and fair conditions, are necessarily a better test of the market value than the speculative opinions of witnesses; for truly, here is where 'money talks.'" 5 Nichols, *Eminent Domain,* §21.3[1], at 21-30.

It may be, however, that in some unusual case involving peculiar circumstances a trial justice might properly, in an

exercise of sound judicial discretion, admit into evidence testimony of the fair market value of property based on other methods of computation even though evidence of comparable sales is available or has already been admitted. However, we are unable to perceive that the instant case is unusual or involves any peculiar circumstances that would justify the action of the trial justice. It is well settled that the judicial discretion of a trial justice must be soundly exercised "* * * in the light of reason applied to all the facts and with a view to the rights of all the parties to the action." *Colitz* v. *Gilbert,* 53 R. I. 319, 321, 166 A. 685, 686.

The action of the trial justice here, in our opinion, hardly conformed to the rule of reason required by *Colitz.* It was an ordinary hearing on a petition for the assessment of damages for the taking of land by eminent domain. The plaintiffs through their expert, Mr. Zifcak, had put in evidence concerning three comparable sales of similar properties, and these were before the jury for its consideration. The plaintiffs' further offer of evidence concerning the market value based on capitalization of income was objected to strenuously by the Authority, and nowhere does the record disclose any circumstance or unusual condition that would warrant the admission of the latter evidence. It was obviously adduced for the sole purpose of buttressing Mr. Zifcak's opinion as to the fair market value of the land, and this, in our opinion, is hardly an unusual circumstance warranting its admission by the court. In other words, it is our opinion that admitting the evidence as to the fair market value based upon capitalization of income constituted an abuse of judicial discretion on the part of the trial justice.

In the circumstances we are persuaded that justice will be best served in this case if it is remitted to the Superior Court for a new trial on the issue of the fair market value

of the property taken in conformity with this opinion. Because we take this view, we need not consider other contentions of the defendant.

The defendant's appeal is sustained, the judgment appealed from is reversed, and the case is remitted to the Superior Court for a new trial in accordance with this opinion.

*Irving I. Zimmerman, Coleman B. Zimmerman, Gerald M. Brenner,* for plaintiffs.

*Lavine* and *Sutherland, Richard R. Ackerman, Omer A. Sutherland,* for defendant.