**333 A.2d 143.**

THOMAS B. GRAY, INC. *vs.* PROVIDENCE REDEVELOPMENT AGENCY.

MARCH 12, 1975.

PRESENT: Roberts, C. J., Paolino, Joslin, Kelleher and Doris. JJ.

JOSLIN, J. This is a petition to assess damages for the condemnation on February 14, 1969, of the petitioner's property located on North Main Street in the city of Providence. After a jury had been impaneled, but before any evidence was presented, the trial justice held a preliminary evidentiary hearing in the jury's absence. Following that hearing the trial justice found that (1) at or about the time of the taking there had been sales in the open market between willing buyers and sellers of properties substantially similar and comparable to that taken, and (2) the availability of that evidence foreclosed the petitioner from presenting testimony of the property's fair market value computed by methods other than comparable sales. Relying upon those findings, the trial justice then granted the respondent's motion to direct a verdict for the petitioner for $30,800, the amount the respondent's expert had fixed as the condemned property's fair market value. The petitioner appealed.

A more detailed discussion of what transpired at the preliminary hearing will help to provide a proper context for petitioner's assignments of error. At that hearing respond-

ent assumed the burden of going forward with evidence to establish the existence of comparable sales from which the condemned property's fair market value could be determined. Its expert witness testified to 1960, 1963, and 1966 sales of properties located in the same general neighborhood as petitioner's. Although none of those structures was as old as petitioner's, each was constructed more than a century ago, and the expert's opinion was that they were "historic" and that any discrepancy in value attributable to the differences between their ages and that of the condemned property was "relatively insignificant."

Following this testimony, the trial justice found that the sales testified to by respondent's expert were "truly comparables," that the building taken, though 222 years old, was not "unique," and that petitioner was thereby precluded from presenting testimony of the condemned property's fair market value based upon the reproduction cost method of valuation.

The petitioner then made an offer of proof indicating its readiness to produce the following evidence: that the building situated on its property is one of the few pre-Revolutionary buildings located in Providence and perhaps the oldest building on its original site; that it had been made "* * * a national historic landmark as part of the national park service program which is a very important designation"; that the Providence Preservation Society was interested in renovating the structure and moving it to another location; that the sales relied upon by respondent's expert were not true comparables; that for these reasons the value of its building should be determined by the reproduction cost method; that the use of that method would support a condemnation date market value of $107,300; and, finally, that even if the sales relied upon by respondent's expert were properly deemed comparables, a proper adjustment of those sales to reflect 1969 values, the condition of

the property taken, its historic and singular character, and other pertinent considerations would bring its fair market value into the $62,500 range.

The trial justice rejected that offer of proof in its entirety, and granted the motion for a direction. While his reason for that action is not clearly stated, he apparently thought that there was no material question of fact for the jury because respondent's expert testimony fixed fair market value at $30,800 and because petitioner failed to introduce any evidence of comparable sales.

Before us petitioner's threshold contentions are that the question of whether the sales relied upon by respondent were comparables should have been submitted to the jury, and that because they were not in fact true comparables, evidence of the reproduction cost method of valuation should have been admitted.

These contentions require little discussion, for the following is settled law in this state: prices paid in the open market at or about the time of the taking for substantially similar and comparable properties, when available and when proper adjustments can be made for minor differences between the properties, are the best evidence of the fair market value of condemned property; *Manning* v. *Redevelopment Agency*, 103 R. I. 371, 374, 238 A.2d 378, 380 (1968); *L'Etoile* v. *Director of Pub. Works*, 89 R. I. 394, 401, 153 A.2d 173, 177 (1959); except in unusual cases involving peculiar circumstances the availability of that kind of evidence precludes evidence of fair market value computed by other methods; *Lataille* v. *Housing Authority*, 109 R. I. 75, 79-80, 280 A.2d 98, 100 (1971); *L'Etoile* v. *Director of Pub. Works, supra* at 401, 153 A.2d at 177; availability of comparable sales is a question for the trial justice rather than for the jury; *Atlantic Ref. Co.* v. *Director of Pub. Works*, 102 R. I. 696, 707, 233 A.2d 423, 429 (1967); *Jones* v. *Providence Redevelopment Agency*, 92 R. I. 285, 290,

168 A.2d 156, 159 (1961); *Hervey* v. *City of Providence,*
47 R. I. 378, 379, 133 A. 618, 619 (1926); *see* Annot., 85
A.L.R.2d 126 (1962), Annot., 118 A.L.R. 904 (1939); to
prevent trials from being unduly extended a trial justice
may, in the exercise of his discretion, reasonably limit the
evidence on that issue; *Manning* v. *Redevelopment Agency,
supra* at 376, 238 A.2d at 381; and the trial justice's deter-
mination on the question of the availability of comparable
sales will be reversed only if "palpably or grossly wrong."
*Hervey* v. *City of Providence, supra* at 379-80, 133 A. at
619. *Accord, Jones* v. *Providence Redevelopment Agency,
supra* at 290, 168 A.2d at 159.

It is conceivable that petitioner's property is so unusual
that the availability of evidence of comparable sales should
not have precluded evidence of valuation by methods other
than comparable sales. The petitioner's offer of proof, how-
ever, does not clearly demonstrate that the taken property
is so exceptional as to require the conclusion that the trial
justice was "palpably and grossly wrong" in his exclusionary
ruling.

There can be no doubt, however, that the trial justice did
err in rejecting petitioner's offer to prove that proper ad-
justments for the differences between the comparables and
the property taken would support a finding that the con-
demned property's fair market value was $62,500, rather
than $30,800 as respondent's expert testified. That testi-
mony should have been admitted.

Therefore, even if the posture of this case warranted re-
spondent's motion for a directed verdict in petitioner's favor
—an unusual question neither argued nor decided here—
the trial justice should have denied that motion because of
the factual dispute over the property's fair market value
based upon comparable sales.

The petitioner's appeal is sustained, the judgment ap-

pealed from is reversed, and the case is remitted to the Superior Court for a new trial.

*Blais, Cunningham, Thayer, Gagnon & Ross, Nathaniel S. Thayer,* for petitioner.

*Paul F. Casey,* for respondent.