DECISION
Before the Court are two post-judgment motions made by R D Associates (hereinafter referred to as R D) in the above-entitled action.[1] Specifically, R D has filed (1) a renewed motion for entry of judgment pursuant to Super. Ct. R. Civ. P. 50, and (2) a motion for a new trial or, in the alternative, for a remittitur in the sum of $68,000. Kenmare Group (hereinafter referred to as Kenmare) has, in due course, objected to said post-trial motions. The pertinent facts follow.
On August 10, 1983, Kenmare (as lessee) and R D (as lessor) entered into a lease regarding property located at 80 Hathaway Street in Cranston, Rhode Island. The lease contained an option to purchase the premises on the five year anniversary date, provided that Kenmare notify R D of its intent to exercise the option at least six months in advance. Moreover, under the terms of the option to purchase, Kenmare was obligated to pay no more than $150,000 for the property. On March 25, 1987, Kenmare sent notice to R D by certified mail stating its intent to exercise the option, thereby providing more than one year's notice to R 
D. R D, however, ignored this notice and subsequent reminders. Furthermore, R D failed to convey the premises to Kenmare on two separate occasions — August 10, 1988 and September 1, 1988,[2] when Kenmare allegedly was ready, willing, and able to purchase the property. Hence, Kenmare asserted that R D was in breach.
At trial, R D's expert, utilizing the comparable sales method of ascertaining fair market value, stated that the property was worth $160,000 at the time it should have been conveyed, and that therefore, Kenmare was entitled to no more than $10,000 in damages.[3] On the other hand, Kenmare's expert, utilizing the capitalization of income approach, testified that the value of the property when title should have been transferred was $228,000, and that Kenmare was therefore entitled to $78,000 in damages. Ultimately, the jury returned a verdict for Kenmare in the amount of $78,000. In bringing the instant motions, R D argues that since evidence of comparable sales was available, all other methods of property valuation should have been excluded.
 COMPARABLE SALES
It is well settled that the value of real estate should be established on the basis of comparable sales, if such comparable sales are available. Wordell v. Wordell, 470 A.2d 665, 667 (R.I. 1984) (noting specifically that this general rule applies "for purposes of compensation in eminent domain [cases] orotherwise") (emphasis added); Ajootian v. Hazard,488 A.2d 413, 416 (R.I. 1985) (citations omitted). Evidence of comparable sales, when available, will generally serve to exclude the use of other methods of deducing fair market value. Capital Properties.Inc. v. State, 636 A.2d 319, 321 (R.I. 1994) (citing Corrado v.Providence Redev. Agency, 117 R.I. 647, 653, 370 A.2d 226, 230 (1977)); Lataille v. Housing Auth., 109 R.I. 75, 79,280 A.2d 98 (1971). However, while the preferred method of determining fair market value is the comparable sales approach, it is within the discretion of the trial justice to depart from this method when he or she finds that the subject property is unique or for a special purpose. See. e.g., Woodmansee v. State, 609 A.2d 952, 955 (R.I. 1992); Warwick Musical Theatre, Inc. v. State,525 A.2d 905, 910 (R.I. 1987); O'Donnell v. State, 117 R.I. 660, 665, 370 A.2d 233 (1977). See also J.W.A. Realty, Inc. v.City of Cranston, 121 R.I. 374, 380-81, 399 A.2d 479 (1979) (noting that other "more relevant" methods may also be admitted when "unusual circumstances exist").
In opposing the instant motions, Kenmare argues that the capitalization of income approach, rather than comparable sales, was the best method in this case because the subject property was income-producing, and it would most appeal to purchasers interested in the income it could generate. To buttress this argument, Kenmare cited Ferland Corp. v. Bouchard,626 A.2d 210, 215 (R.I. 1993), for the proposition that the capitalization of income approach can and should be used for valuing property that generates rents since "a prudent buyer would only be should be used for valuing property that generates rents since "a prudent buyer would only be interested in what gains he or she might realize from the capital investment." In Ferland,
however, the valuation methods used were the cost approach and the income approach; there apparently was no evidence of comparable sales. See id. at 212. Moreover, the Ferland court makes specific reference to its prior holding in Kargman v.Jacobs, 122 R.I. 720, 411 A.2d 1326 (1980). In that case as well, the respective experts utilized the cost approach and the income approach, but there, it is noted that there were no comparable sales; in fact, one expert concluded "[i]n view of those factors and in the absence of comparable sales," the capitalization of income approach should be used. Kargman, 122 R.I. at 722-23, 411 A.2d at 1327-28 (emphasis added). Therefore, these cases are clearly distinguishable from the case at bar. Finally, it should be noted that just because property is income-producing, that fact alone does not authorize a departure from the general rule of using the comparable sales approach.See Corrado, 117 R.I. at 654. See also generally Capital Properties, 636 A.2d at 322-23 (explaining when property is considered special purpose).
 CONCLUSION
Rule 59(a) of our Rules of Civil Procedure provides:
 "A new trial may be granted to all or any of the parties and on all or part of the issues, (1) in an action in which there has been a trial by jury for error of law occurring at the trial or for any of the reasons for which new trials have heretofore been granted in actions at law in the courts of this state . . . ."
After carefully reviewing the arguments of counsel, it is apparent that the admission of Kenmare's expert's testimony, which utilized the capitalization of income approach in determining value, constituted a prejudicial error of law. Accordingly, this Court finds that the amount of damages remains an issue of fact warranting a new trial on the same.
Counsel for the prevailing party shall submit an appropriate order for entry in accordance with this decision.
[1] The instant post-trial motions concern only PC 88-4339. PC 88-4339 had previously been consolidated with PC 88-5481.
[2] Though Kenmare originally scheduled the closing for August 10, 1988, R D, in a letter to Kenmare, claimed that the actual five year anniversary date of the lease was September 1, 1988, and not August 10, 1988. However, when Kenmare resceduled the closing for September 1, 1988, R D failed to appear to convey the property.
[3] This amount was determined by substracting $150,000 (the purchase price) from the expert's value of $160,000.